**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **PERFORMANCE PULSATION** | § | |
| **CONTROL, INC.** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00450** |
| | § | |
| **SIGMA DRILLING TECHNOLOGIES,** | § | **JURY** |
| **LLC, INTREPID CONSULTING, LLC,** | § | |
| **JUSTIN MANLEY, ALLISON MANLEY,** | § | |
| **WILLIAM GARFIELD, and PAMELA** | § | |
| **GOEHRING-GARFIELD** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 12(b)(1) AND 12(b)(6)**
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

JOHN T. PALTER
State Bar No. 15441500
jpalter@palterlaw.com
KIMBERLY M. J. SIMS
State Bar No. 24046167
ksims@palterlaw.com
NATHANIAL L. MARTINEZ
State Bar No. 24074661
nmartinez@palterlaw.com

**PALTER STOKLEY SIMS PLLC**
Preston Commons – East
8115 Preston Road, Suite 600
Dallas, TX 75225
Tel.: (214) 888-3111
Fax: (214) 888-3109

**ATTORNEYS FOR PLAINTIFF**
**PERFORMANCE PULSATION**
**CONTROL, INC.**

TO THE HONORABLE U.S. DISTRICT JUDGE AMOS L. MAZZANT, III:

COMES NOW Plaintiff Performance Pulsation Control, Inc. ("Plaintiff" or "PPC") and hereby files this Response to the Rule 12(b)(1) and 12(b)(6) Motion to Dismiss (the "Motion to Dismiss" or the "Motion") [Dkt. 19] filed by Defendants Sigma Drilling Technologies, LLC ("Sigma"), Intrepid Consulting, LLC ("Intrepid"), Justin Manley ("J. Manley"), and Allison Manley ("A. Manley") (collectively, "Defendants"),[1] as follows:

## I.    INTRODUCTION

Plaintiff's well-pleaded complaint contains allegations sufficient to invoke federal question jurisdiction for all of the claims asserted under the applicable federal copyright laws both under the "derivative works" and "work made for hire" doctrines. Accordingly, Defendants' Motion to Dismiss based on lack of federal jurisdiction should be denied.

By their Motion to Dismiss, Defendants articulate a flawed standard for federal question jurisdiction in this Court. Among other things, Defendants erroneously contend that because Plaintiff has not identified specific copyright registration numbers, this Court does not have jurisdiction over any of Plaintiff's claims. Defendants are simply incorrect in their contention that copyright jurisdiction does not exist in this case.

Similarly, Defendants incorrectly argue that because Plaintiff has not presented a laundry list of the specific items of intellectual property misappropriated by the Defendants J. Manley and Sigma, that Plaintiff has failed to assert a claim for which relief may be granted. This is not the standard, nor should it be.

---

[1] Although attorneys from the law firm of Macdonald Devin, P.C., counsel for Defendants, have represented that they, in fact, represent all of the named Defendants in this Lawsuit, Plaintiff has not received an answer or responsive pleading from Defendants William Garfield or Pamela-Goehring Garfield (the "Garfields"). Nor have the Garfields formally joined in the Motion to Dismiss. Accordingly, Plaintiff contends that the Motion to Dismiss does not affect any of the claims brought by Plaintiff against the Garfields. Plaintiff reserves all rights, including but not limited to its right to seek a Default Judgment against the Garfields.

The artificially harsh standard against which Defendants would have Plaintiff be measured would disallow a myriad of properly plead federal lawsuits against former employees who unlawfully misappropriate trade secrets and confidential information from their unknowing employers during their employment and use such information to unfairly compete with their employer. Indeed, that is exactly what happened here.  In fact, that is what discovery is for and why this Court accepts as true the allegations contained in the First Amended Complaint (the "Complaint") for the purposes of deciding the Motion to Dismiss.

Because Defendants have no legitimate basis for dismissing this lawsuit, the Court should deny Defendants' Motion in its entirety.

## II.    BACKGROUND

Without pleading or citing any evidence, Defendants begin their Motion to Dismiss with a revisionist history of the events in the state court litigation that preceded the current lawsuit before this Court. This background was provided by Defendants, presumably and impermissibly, in an effort to somehow distract this Court from the Defendants' egregious and actionable conduct.

As an initial matter, none of the statements in the "Background" section of Defendants' Motion are supported by the four corners of Plaintiff's Complaint, and therefore should not even be considered in deciding Defendants' Motion. *See* FED. R. CIV. P. 12 (d); *Loftin v. Kirby Inland Marine, L.P.*, 588 F. Supp. 2d 741, 745 (E.D. Tex. 2007). Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *See Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 261 (5th Cir.1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992).

Nevertheless, to clarify and complete the record, Plaintiff will address some of the more

striking claims made by Defendants.  First, PPC has certainly not "harassed" Defendants. Rather, as part of its due diligence investigation of this suit, Plaintiff sought and *was granted* the right to request documents from and conduct the deposition of Justin Manley.  Plaintiff filed an Original Petition against Justin Manley and Sigma in the 416th Judicial District of Texas seeking a Deposition before Suit pursuant to Texas Rule of Civil Procedure 202.[2]   By Order dated September 9, 2017, the Court granted Plaintiff's right to conduct a deposition and secure responsive documents. After successfully compelling J. Manley to produce responsive documents, the deposition was schedule to occur on December 21, 2016.   In response to this Order, Defendant Sigma who—by and through the same attorneys who signed off on the instant Motion to Dismiss—filed a frivolous lawsuit on December 15, 2017 against Plaintiff for, among other things, alleged conversion and misappropriation of trade secrets that Sigma alleged, without any proof, were owned by it.[3]  Sigma's specious lawsuit included a preposterous request for a temporary restraining order which was flatly denied by the state court.

After Plaintiff learned during the pre-suit deposition of J. Manley, Sigma's indirect owner—which was taken pursuant to Rule 202 of the Texas Rules of Civil Procedure—that Sigma did not own any of the alleged trade secrets at issue or even have a license to use them, Plaintiff brought the critical issue of standing to the state trial court by way of a Plea to the Jurisdiction of the Court of Sigma's Lawsuit. In response to the Plea, and on the eve of the hearing, Sigma added J. Manley, who alleged to be the actual owner of the trade secrets. Subsequently, on the morning of the hearing, Sigma voluntarily non-suited all of its remaining claims against PPC. Then, in an inexplicable turn of events—*less than twenty-four hours after*

---

[2] As necessary and pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff requests that this Court take judicial notice of the court file in Causes no. 416-0290-2016 and 416-05487-2016 previously pending in the 416th Judicial District of Collin County, Texas.
[3] *Sigma Drilling Technologies, LLC v. Performance Pulsation Control, Inc.* Cause No. 416-05487-2016 previously pending in the 416th Judicial District Court of Collin County, Texas.

*Sigma's non-suit*—J. Manley also voluntarily non-suited all of his claims against PPC.[4]

Second, Defendants completely mischaracterize the rulings by the state court, which actually support Plaintiff's claims in this lawsuit. In connection with the Rule 202 deposition proceeding, the court allowed Plaintiff to take the deposition of Defendant J. Manley and ordered J. Manley to produced documents to Plaintiff.  Although the Court did not permit Plaintiff to take the deposition of Sigma's corporate representative at the time, the Court never stated that its ruling was because PPC could not articulate which confidential information had been misappropriated by Defendants. Indeed, the whole point of a Rule 202 pre-suit deposition is to determine whether there is sufficient discovery or information that would allow Plaintiff to file a lawsuit. As it turned out, there was. Thus, PPC has brought the instant suit.

### III.    LEGAL STANDARDS

A Rule 12(b)(6) motion tests the sufficiency of the four corners of the complaint. FED. R. CIV. P. 12; *Smith v. Frye*, 488 F.3d 263, 273 (4th Cir. 2007). Under Rule 12(b)(6), a claim should only be dismissed if it asserts a legal theory that is not cognizable as a matter of law or it fails to meet the plausibility standard, that is, there is no hope that the discovery process will lead to evidence that will support the claim. *See Advance Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). The court, when considering a 12(b)(6) Motion to Dismiss, should construe the pleading in the non-moving party's favor, and the court should presume that all allegations of the pleading are true, resolving any reasonable doubts and inferences in the non-moving party's favor, and in the light most favorable to the non-moving party. *Kaltenbach v. Richards*, 464 F.3d 524, 526-27 (5th Cir. 2006); *Fitzgerald v. Barnstable*

---

[4] Given the timing of J. Manley's non-suit, this presumably was done in response to PPC's narrowly-tailored document requests served the night before which were calculated to force J. Manley to concede that he had no evidence that PPC had ever obtained or used J. Manley's alleged trade secrets and that J. Manley himself was not even the owner of such trade secrets.

*Sch. Comm.*, 555 U.S. 246, 249, 129 S. Ct. 788, 792, 172 L.Ed.2d 582 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The court should not dismiss a claim under 12(b)(6) merely because it does not believe the allegations of the pleading or feels that recovery is not likely to occur. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

In fact, in the Fifth Circuit, "'[a] motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir.2003) (quotations omitted). "'The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). Thus, "when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on *any possible theory*." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (emphasis added) (citations omitted).

For the reasons outlined below, Plaintiff has met the plausibility standard and has stated a claim in its Complaint upon which relief can be granted.

## IV.   ARGUMENTS AND AUTHORITIES

### A.   The Court Should Exclude And Refuse To Consider All Allegations Based On Facts Or Evidence Outside The Complaint.

As set forth above, a motion to dismiss under Rule 12(b)(6) tests the adequacy of the Complaint by looking at the four corners of the Complaint and no materials beyond the contested Complaint itself. *See* FED. R. CIV. P. 12 (d); *Loftin v. Kirby Inland Marine, L.P.*, 588 F. Supp. 2d 741, 745 (E.D. Tex. 2007); *see also Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir.1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *McCartney v. First City Bank*, 970

F.2d 45, 47 (5th Cir.1992). Defendants in their Motion to Dismiss for failure to state a claim have included reference to their revisionist view of the facts that are based on pleadings and documents outside of the Complaint, in an attempt to support its motion. This is improper under Rule 12. Therefore, all references to such facts and evidence should be excluded under Rule 12(d) in considering Defendants' Motion to Dismiss.

**B.     The Court Has Subject Matter Jurisdiction Under Copyright Law.**

**1.     Plaintiff has specifically identified copyright material sufficient to invoke federal question jurisdiction in this lawsuit.**

Defendants argue that Plaintiff has not established federal subject matter jurisdiction under the Copyright Act because Plaintiff has not identified "registered material" subject to copyright protection. *See* Motion at 3–4. This argument fails, first, because Plaintiff has identified the patent application, and the written invention disclosure documents from both the provisions and non-provisional patent applications, and any derivative works thereof as subject to copyright protection. *See* Complaint at 17–18, ¶¶ 57–62.

Second, contrary to Defendants' argument, the fact that the patent application is not a "registered" copyrighted material does not preclude subject matter jurisdiction. Specifically, the registration requirement of 17 U.S.C. § 411(a) is not a jurisdictional bar for bringing suit for claims under the Copyright Act. *See, e.g.*, *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-03181, 2010 WL 4366990, at *21 (S.D. Tex. Oct. 27, 2010) (denying Defendants' motion to dismiss for lack of subject matter jurisdiction all claims of infringement of Plaintiff's unregistered works because 17 U.S.C. §411 is not jurisdictional in nature). In fact, the Supreme Court has held that the registration requirement imposed by 17 U.S.C. § 411 is not jurisdictional in nature, but rather a "claims-processing rule." *See Reed Elsevier v. Muchnick*, 559 U.S. 154, 160-61, 130 S.Ct. 1237, 1248, 176 L.Ed.2d 17 (2010) ("We thus conclude that §411(a)'s

registration requirement is nonjurisdictional notwithstanding its prior jurisdictional treatment."). The Court, therefore, should deny Defendants' Motion to Dismiss for lack of subject matter jurisdiction Plaintiff's claims under the Copyright Act based on the patent application. *See, e.g.*, *Interplan Architects, Inc.,* 2010 WL 4366990, at *21; *Axxiom Mfg., Inc. v. McCoy Investments, Inc.*, Civil Action No. H-09-3735, 2010 WL 2545584, at *2–3 (S.D. Tex. June 21, 2010) (denying defendant's motion to dismiss for lack of subject matter jurisdiction despite plaintiff having not satisfied the §411(a) registration requirement).

### 2. This Court has exclusive jurisdiction over Plaintiff's derivative works claim and work-for-hire claim under the Copyright Act.

Tellingly, Defendants' Motion fails to address the additional grounds for subject matter jurisdiction under the Copyright Act, namely Plaintiff's claims based on the "derivative works" and "work-for-hire" doctrines of the Copyright Act. Indeed, while general state law claims over ownership to a copyright as a matter of state law do not "arise under" the Copyright Act for the purposes of federal jurisdiction, the Fifth Circuit has recognized that claims requiring construction of the Copyright Act create jurisdiction when the actions are based on rights created in the Act. *See Kane v. Nace Intern.*, 117 F. Supp. 2d 595, 596 (S.D. Tex. 2000) (explaining that an action "arises under the Copyright Act" if the complaint asserts a claim requiring constructing of the Act); *see also Workday, Inc. v. Khan*, Case No. 7:17 CV 299-ALM-KPJ, 2017 WL 3017514, at *2 (E.D. Tex. June 26, 2017) ("Although a case does not arise under federal question jurisdiction simply because a copyright issue is involved, where the complaint is for a remedy expressly granted by the Copyright Act, e.g., a suit for infringement or a declaratory judgment, the Copyright Act requires that federal principles control the disposition of the claim.") (internal citations omitted); *Goodman v. Lee*, 815 F.2d 1030, 1031–32 (5th Cir. 1987) (holding that federal jurisdiction existed when plaintiff claimed a right to be listed as the co-

author of copyrighted material and receive proceeds as such). The court in *Goodman* distinguished between cases over "a contract, the subject of which was a copyright" for which no federal jurisdiction exists, and cases that "involve[ ] the validity of the copyright itself under the Copyright Act." *Goodman*, 815 F.2d at 1032.  Plaintiff's allegations in the Complaint mirror the latter.

In its Motion, Defendants improperly characterize PPC's Complaint as only claiming a declaration regarding the ownership of the copyrights.   Motion at 6. However, Defendants are wrong because Plaintiff's claims go beyond mere ownership issues—they require a construction of the "derivative works" and "work made for hire doctrines," both of which are to be construed under the Copyright Act.  Complaint at 15–18, ¶¶48–64 (seeking declaratory relief relating to derivative works, Count 1, and work made for hire, Count 2). Accordingly, in order to determine whether the copyrights are, in fact, owned by PPC, the Court will have to construe the Copyright Act. In addition, PPC could argue that the declaratory actions under Counts 3 and 4 of the Complaint expressly refer to and seek a determination of rights under the Copyright Act. *See, e.g.*, *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986–88 (9th Cir. 2003) (distinguishing between ownership claims that solely seek a determination of ownership from claims that also seek a remedy under the Copyright Act); *Scandinavian Satellite Sys. v. Prime TV Ltd.*, 291 F.3d 839, 846 (D.C. Cir. 2002) (holding that "when a complaint alleges a claim or seeks a remedy provided by the Copyright Act, subject matter jurisdiction under § 1338(a) is not lost merely because a contract ownership dispute may be implicated"); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 355 (2d Cir. 2000) (finding a claim for ownership determination arose under the Copyright Act when the plaintiff also sought "a remedy expressly granted by the [Copyright] Act"); *Goodman v. Lee*, 815 F.2d 1030, 1032 (5th Cir. 1987) (claim arose under

Copyright Act when plaintiff's ownership claim stemmed from statutory right to be listed as co-author of copyrighted material).

Because this Court has jurisdiction over Plaintiff's claims under the Copyright Act, this Court should deny Defendants' Motion to Dismiss.

**C.    Each Of Plaintiff's Causes Of Action Contains Allegations Sufficient To State A Claim For Which Relief May Be Granted.**

**1.    Plaintiff has alleged facts sufficient to state claims against Defendants for trade secret misappropriation (Count 4) and a declaration that the trade secrets are owned by Plaintiff (Count 3).**

Plaintiff has asserted a claim for declaratory relief to have this Court determine the true owner of PPC's trade secrets and a claim for misappropriation of those same trade secrets, among others. Complaint at 18–20, ¶¶65–75. In response, Defendants improperly argue that (1) Plaintiff's declaratory judgment action fails because the trade secrets identified by Plaintiff were "not assigned" by J. Manley to Plaintiff and (2) Plaintiff's trade secret misappropriation claim fails because the trade secrets are not Plaintiff's "own material" and are not identified sufficiently to "place the Defendants on notice of the information that PPC believes was stolen and/or misappropriated." Motion at 7–8. Neither of these arguments has merit.

First, the assertion that J. Manley did not assign any trade secrets to PPC is a question of fact that has not been proven conclusively one way or another, and thus, is not a proper basis to dismiss the Complaint at this stage. *See supra* Section III (explaining that when considering a motion to dismiss, the court should construe the pleading in the non-moving party's favor, and presume that all allegations of the pleading are true). Moreover, whether the trade secrets were assigned is not the only relevant fact in determining whether the trade secrets in fact belong to Plaintiff. PPC's Complaint specifically identifies the "Applications, CFC Kits, Acoustic Assassin, and Automated Nitrogen Charging and Adjustment System for Gas-charged Pulsation

Equipment" as well as "any such other products derived from these products" as the subject of its declaratory judgment action. Complaint at 19, ¶¶68–69. Based on PPC's pleadings, any of these trade secrets could rightfully belong to PPC based on several legal theories, including but not limited to the "work made for hire" or "derivative works" doctrine. In addition, Plaintiff has also alleged that Defendants J. Manley, A. Manley, and W. Garfield acknowledged and agreed to comply with the provisions set forth in PPC's Employee Handbook, which prohibits employees from using or disclosing PPC's trade secrets, confidential, and proprietary information. Complaint at 7–9, 12–13, 20–21, ¶¶28–31, 40, 72, 77. This implies that such information is owned by PPC. Even if Defendants dispute these facts, that is not a basis to dismiss the lawsuit. *See, e.g.*, *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 150 (5th Cir. 2004) ("'The existence of a trade secret is properly considered a question of fact to be decided by the judge or jury as fact-finder.'"); *Grand Time Corp. v. Watch Factory, Inc.*, 3:08-CV-1770-K, 2010 WL 92319, at *4 (N.D. Tex. Jan. 6, 2010) ("'The status of information claimed as a trade secret must be ascertained through a comparative evaluation of all the relevant factors, including the value, secrecy, and definiteness of the information as well as the nature of the defendant's misconduct.' . . . Since these factors turn on factual considerations gleaned from discovery, and are often difficult, if not futile, to apply in the context of a motion to dismiss, the Court finds it premature to weigh them without discovery.").

Second, the assertion that because trade secrets described in Count 4 of the Complaint are not more specific is unavailing.  Motion at 7–8. The federal rules do not impose such a strict standard of pleading.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" but rather simply requires more than "an unadorned, the-defendant-unlawfully-harmed me accusation.").

This is especially true where the Defendant has superior knowledge of the trade secrets it misappropriated, as is the case here. *See, e.g.*, *Associated Pump & Supply Co., LLC v. Dupre*, No. CIV.A. 14-9, 2014 WL 1330196, at *5 (E.D. La. Apr. 3, 2014) (denying motion to dismiss because "Plaintiff avers in the Complaint that the exact nature of the alleged misappropriation is unknown because Dupre allegedly deleted several items from his computer before terminating his employment with Plaintiff. These allegations are sufficient to allow the Court to infer that Plaintiff may have a claim under [Louisiana Uniform Trade Secrets Act]."); *Baker Petrolite Corp. v. Brent*, No. 09–7046, 2010 WL 924289, *2 (E.D.La. Mar. 9, 2010) (Zainey, J.) (denying motion to dismiss because plaintiff's "complaint alleges all of the elements of a LUTSA claim: a trade secret, misappropriation, and injury. The factual allegations are sparse and somewhat conclusory but Rule 8 continues to require only "a short and plain statement of the claim."); *Simmons v. U.S.*, No. 2:10-CV-360-TJW-CW, 2011 WL 4433572, at *1 (E.D. Texas Sept. 21, 2011) (denying motion to dismiss because Plaintiff's complaint alleged that "Plaintiff is a design and production services company that researched and developed a solution for the Government that no one else could…[and] based on Plaintiff's designs, production, processes, materials, layouts, and packaging specifications, the solution was ultimately manufactured into products that it transferred by sample and sale to the Government.  Taken as true, these allegations support the inference that the disputed material and information are trade-secrets that Plaintiff used in its business and thus the allegations are sufficient to state a claim for trade-secret misappropriation.").

Based on the foregoing, the Court should deny Defendants' Motion to Dismiss Counts 3 and 4 of Plaintiff's First Amended Complaint.

**2.      Plaintiff's claims under the Copyright Act (Counts 1 and 2) are proper because Plaintiff has identified material that would be subject to copyright protection.**

As set forth above, Plaintiff has asserted claims against Defendants under the Copyright Act based on the "derivative works" and "works made for hire" doctrines, both of which are supported by the allegations contained within the four corners of PPC's Complaint.   *See generally,* Complaint. Defendants improperly allege, once again, that Plaintiff has failed to state a claim for relief under the Copyright Act because Plaintiff has not identified the copyrighted material.   Motion at 8–9.   As set forth above, Plaintiff did identify the material subject to copyright protection, namely the PIDDs, NPIDDs, Patent Applications, CFC Kits, the Acoustic Assassin, and such other products derived from these products. *See* Complaint at 3, 9, 11–18, ¶¶12, 32, 36–38, 44–53, 57–64. The fact that the patent application is not a "registered" copyrighted material does not preclude Plaintiff's claim. *See, e.g.*, *Interplan Architects, Inc. v.*, 2010 WL 4366990, at *21 (stating that the registration requirement imposed by Section 411 is "not jurisdictional in nature, but rather a 'claims-processing' rule."). Thus, Defendants' claim that Plaintiff has not asserted a proper cause of action under the Copyright Act is without merit.

**3.      Plaintiff's claims for Breach of Contract, Civil Theft, and Unfair Competition (Counts 5, 7, and 9) are proper because Plaintiff has identified the confidential information and trade secrets that Defendants unlawfully misappropriated.**

Plaintiff has asserted claims for Breach of Contract, Civil Theft, and Unfair Competition against Defendants. *See* Complaint at 21–23, ¶¶76–77, 82–87, 92–93. Defendants contend that all of these claims fail for the same reason: that Plaintiff has failed to allege facts that show that PPC owned the trade secrets and that Defendants used the trade secrets. Motion at 9–10. More specifically, Defendants erroneously contend, again, that Plaintiff has not adequately described the trade secrets it alleges were misappropriated by Defendants. *Id.* at 10. Neither of these

arguments has merit.

First, the fatal flaw in Defendants' reasoning is that it assumes, without proof, that the trade secrets alleged by Plaintiff to have been misappropriated were not "owned" by Plaintiff, but were in fact owned by J. Manley and Sigma. However, ownership is clearly a fact question that is raised by the pleadings in this case and an issue that cannot be determined at the motion to dismiss stage.  *See supra* Section III (explaining that at the motion to dismiss phase, the pleadings are to be construed in the non-moving party's favor, and all allegations of the complaint are assumed to be true); *see also Janes v. Watson*, No. SA-05-CA-0473-XR, 2006 WL 2322820, at *14 (W.D. Texas Aug. 2, 2006) (denying summary judgment on tortious interference and misappropriation of trade secrets claims because genuine issues of material fact exist regarding the ownership of the copyrights).

Second, Defendants again require Plaintiff to meet an impossible standard of specifically describing and identifying each and every trade secret that J. Manley misappropriated in connection with his surreptitious and unlawful forming of Sigma while employed by Plaintiff. Indeed, Plaintiff's Complaint alleges facts sufficient to place Defendants on notice that J. Manley disclosed several pieces of confidential information in violation of common law and contractual duties to Plaintiff.  *See Iqbal*, 129 S. Ct. at 1949 (explaining that the complaint must only state a claim to relief "that is plausible on its fact," meaning that the plaintiff need only plead "factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged."). Plaintiff's Complaint surely meets the plausibility standard. The fact that Defendants may dispute that these trade secrets rightfully belonged to Plaintiff is of no import at this stage of the litigation. That is a subject more appropriately adjudicated during the summary judgment phase after the parties have conducted discovery in this case.

Equally unavailing is Defendants' argument that Plaintiff cannot prove a claim for unfair competition based on the facts alleged because Plaintiff supposedly cannot prove an independently tortious or wrongful act in connection with the unfair competition. Motion at 10. However, that is not an element of unfair competition. Defendants appear to misunderstand Plaintiff's claim for unfair competition, which is not based on an independently wrongful or tortious act, but based on Defendants' misappropriation of Plaintiff's products and confidential, proprietary information. As the Fifth Circuit Court of Appeals noted in *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004), "[t]he elements of a cause of action for unfair competition by misappropriation in Texas are: '(i) the creation of plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff.'" (*citing United States Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 218 (Tex. App.—Waco 1993, writ denied)). Each of these elements is supported by the facts alleged in the Complaint. Complaint at 5–14, 24, ¶¶18–47, 92–93.

Accordingly, for the foregoing reasons, the Court should deny Defendants' Motion to Dismiss Plaintiff's claims for Breach of Contract, Civil Theft, and Unfair Competition (Counts 5, 7, and 9).

### 4.    Plaintiff has alleged facts sufficient to state a claim against Defendant J. Manley for breach of fiduciary duty (Count 6).

Plaintiff has alleged that Defendant J. Manley breached his fiduciary duty to Plaintiff by misappropriating its trade secrets and other confidential information. Complaint at 21–22, ¶¶78–81. Defendants argue in their Motion that Plaintiff's claim fails because "there is not breach of

fiduciary duty where a previous employee 'is doing that which he has a legal right to do.'" *See* Motion at 10–11. The problem with Defendants' argument is that it assumes, without any evidence or authority, the J. Manley had a legal right to misappropriate Plaintiff's trade secrets. Indeed, the only way the Defendants can even approach this argument is to assume, again without any evidence or authority, that all J. Manley did was employ his "general knowledge, skills, and experience acquired through his previous work." Motion at 10. But this misses the point of Plaintiff's Complaint. The knowledge and skills acquired by J. Manley through his employment with PPC was not limited to general know-how; rather, he was given access to specific ideas, concepts, and information that was protected by a non-disclosure agreement and rightfully constituted Plaintiff's trade secrets. Again, all Defendants are doing by their Motion is attempting to conclusively establish the existence of a disputed fact that does not have any place at the motion to dismiss phase. Accordingly, the Court should deny Defendants' Motion to Dismiss Count 6 of Plaintiff's Complaint.

**5. Plaintiff has alleged facts sufficient to state a claim against Defendants for conversion (Count 8).**

Plaintiff has asserted a claim for conversion against Defendants.  Complaint at 23–24, ¶¶88–91.  In response, Defendants incorrectly argue that the conversion claim fails because it does not involve the taking of any physical property.  Motion at 11–12.  Although Defendants are correct that "Texas conversion law ... concerns only physical property," *Carson v. Dynegy*, Inc., 344 F.3d 446, 456 (5th Cir. 2003), as set forth in their Motion to Dismiss, "Texas recognizes a limited exception to the tangibility requirement, allowing conversion of intangible rights embodied in or 'merged' with unique paper documents." *Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 667 (S.D. Tex. 2015) (*citing Prewitt v. Branham*, 643 S.W.2d 122, 123 (Tex. 1982)). Where intangible rights have merged with a tangible document, "[t]he conversion of the

document in which the rights had been merged supports a conversion action for the value of the rights represented by it." *Prewitt*, 643 S.W.3d at 123.  This is precisely the case here.

In the Complaint, Plaintiff specifically alleges that Defendants converted Plaintiff's Confidential Information and Trade Secrets, which are admittedly intangible property, but that "J. Manley and/or W. Garfield merged PPC's intangible rights in the Confidential Information with unique paper documents, including but not limited to, among other things, the federal patent application filed by Manley and/or Garfield."  Complaint at 23, ¶89. Plaintiff also alleges that "J. Manley . . . merged such Confidential Information into the computers and other media storage J. Manley kept after his employment with PPC."  *Id.*  Because Plaintiff has alleged that Defendants converted tangible property to which the intellectual property was reduced (i.e., the computers and other media storage that J. Manley kept after his employment), Plaintiff's claim for conversion is proper. *See Lifesize, Inc. v. Chimene*, No. 1:16-CV-1109-RP, 2017 WL 1532609, at *11 (W.D. Tex. Apr. 26, 2017); *Oxy USA, Inc. v. Southwestern Energy Production Co.*, 161 S.W.3d 277, 284 (Tex. App.–Corpus Christi-Edinburg 2005) (finding that plaintiff's right to a license was not merely an intangible right, but was a right which merged into the written agreement and thus, subject to a conversion claim).[5]

**6.    Plaintiff has alleged facts sufficient to state a claim against Defendants based on a theory of alter-ego (Count 10).**

Plaintiff has alleged a claim against Defendants based on the doctrine of alter-ego. Complaint at 24–25, ¶¶94–96. Defendants' original Motion to Dismiss, which was filed in response to Plaintiff's Original Complaint, contained the same exact argument as the instant

---

[5] To the extent the Court finds that Plaintiff has not stated a claim for conversion of tangible property for which relief may be granted, Plaintiff requests that the Court deny Plaintiff's claim for conversion without prejudice to refile. Plaintiff has reason to believe that J. Manley converted tangible property that belonged to PPC and believes the specific details of Manley's conversion will be brought to light during the discovery in this matter. Therefore, Plaintiff would request the right to replead this claim at a later date as discovery progresses in this Lawsuit.

Motion. Namely, Defendants complain that Plaintiff has not alleged the material elements of alter-ego under Texas.  Motion at 12. While that may have been the case for Plaintiff's Original Complaint, the First Amended Complaint cured any such deficiency. Indeed, it appears the Defendants disregarded entirely the language contained in Count 10 of the First Amended Complaint. Because the Complaint does exactly what Defendants argue the law requires, the Court should deny Defendants' Motion.

> **7.     Plaintiff has properly included Alison Manley, a former employee of Plaintiff, and Pamela Garfield in this Lawsuit.**

Defendants argue that Alison Manley and Pamela Garfield should be dismissed from this Lawsuit because there are no facts pled that would implicate them under any of the causes of action found in the Complaint.  Motion at 12–13. This is false.

First, A. Manley is a proper Defendant in this lawsuit by virtue of her prior employment with PPC. While A. Manley is not specifically singled out as a perpetrator in connection with Defendants' collective unlawful acts, she is properly grouped with the "Defendants" as that term is defined in the First Amended Complaint. Indeed, wherever the Complaint alleges that "Defendants" acted in a particular manner, it may be fairly read to include A. Manley and her conduct. This is especially true given the fact that A. Manley is likely an owner and/or possesses some interest in Sigma and Intrepid Consulting.

Second, as with Mrs. Garfield, A. Manley is the wife of one of the main Defendants in this action, J. Manley. Thus, to the extent J. Manley asserts ownership over any of the trade secrets or valuable confidential information at issue in this lawsuit, A. Manley may have a 50% ownership interest in the same material. Thus, in order for Plaintiff to obtain a full recovery, A. Manley must be in this lawsuit. The same is true for Mrs. Garfield. She is a nominal Defendant in this lawsuit, joined necessarily by virtue of her relationship with the other Defendants and in

order to ensure Plaintiff is made whole when it obtains a judgment against all of the Defendants under the causes of action asserted in the Complaint.  *See e.g. United States v. Tracts 31a, Lots 31 & 32, Lafitte's Landing Phase Two Port Arthur, Jefferson Cnty. Texas*, 852 F.3d 385, 390 (5th Cir. 2017) (explaining that in order to effect a valid conveyance of joint management community property, Texas law requires both spouses to join in the transaction).

## V.    CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court DENY Defendants' Motion to Dismiss [Dkt. 19] and grant Plaintiff all other and further relief to which relief may be granted.

Respectfully submitted,

*/s/ John T. Palter*

JOHN T. PALTER
State Bar No. 15441500
jpalter@palterlaw.com
KIMBERLY M. J. SIMS
State Bar No. 24046167
ksims@palterlaw.com
NATHANIAL L. MARTINEZ
State Bar No. 24074661
nmartinez@palterlaw.com

**PALTER STOKLEY SIMS PLLC**
Preston Commons – East
8115 Preston Road, Suite 600
Dallas, TX 75225
Tel.: (214) 888-3111
Fax: (214) 888-3109

**ATTORNEYS FOR PLAINTIFF PERFORMANCE PULSATION CONTROL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

        This is to certify that a true and correct copy of the foregoing was served upon the following counsel of record on the 31st day of August 2017, pursuant to the Federal and Local Rules of Procedure as follows:

**VIA E-MAIL:**
**GZiegler@MacdonaldDevin.com**
**JEdgeworth@MacdonaldDevin.com**
**SKlein@MacdonaldDevin.com**
**WDavis@macdonalddevin.com**
Gregory N. Ziegler
Jennifer D. Edgeworth
Stefanie M. Klein
Weston M. Davis
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130

        */s/ John T. Palter*

        _____

        **JOHN T. PALTER**