# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § § § § § § § § § § | |
| | | Civil Action No. 4:17-CV-00450 |
| | | Judge Mazzant |
| v. | | |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, and PAMELA GOEHRING–GARFIELD | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Performance Pulsation Control, Inc.'s ("PPC") Motion for Leave to Amend Complaint to Add Advance Rupture Disk Technology, Inc. ("ARDT") (Dkt. #71). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

This case involves PPC's allegations that Justin Manley ("J. Manley"), a former employee, formed a competing company, Sigma Drilling Technologies, LLC ("Sigma"), to market and sell pulsation control products that he developed within the course of his employment with PPC. Specifically, PPC claims that J. Manley misappropriated PPC's trade secrets and confidential information while acting as the Director of Sales and Marketing for PPC. As a result, PPC filed suit seeking declaration that it is the owner of such intellectual property, as well as injunctive relief and monetary damages for breach of contract, breach of fiduciary duty, misappropriation, and unfair competition.

On December 29, 2017, the Court issued an Order extending the deadline to add parties to January 22, 2018 (Dkt. #60). On January 22, 2018, Plaintiff filed its Motion for Leave to add ARDT as a defendant (Dkt. #71). On February 5, 2018, Sigma, Intrepid Consulting, LLC, J. Manley, Allison Manley, William Garfield, and Pamela Goehring-Garfield (collectively "Defendants") filed their response (Dkt. #88).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Here, the only factor that Defendants contest is futility. Specifically, Defendants claim that futility exists because PPC failed to plead a breach of contract claim that is plausible on its face. Conversely, PPC contends it sufficiently pleaded a breach of contract claim against ARDT.

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility exists when the amended complaint "fail[s] to state a claim upon which relief could be granted." *Id.* at 873; *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). In determining futility, the Court applies "the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Id.* As such, the question "is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Stripling*, 234 F.3d at 873 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

After reviewing Plaintiff's Second Amended Complaint (Dkt. #73), and taking such allegations as true, the Court finds that PPC sufficiently pleaded a breach of contract claim against ARDT.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to Amend Complaint to Add Advance Rupture Disk Technology, Inc. (Dkt. #71) is hereby **GRANTED.** As such, Plaintiff's Second Amended Complaint (Dkt. #73) is hereby deemed filed on January 23, 2018.

**SIGNED this 13th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE