# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § § § § § § § § § § | |
| | | Civil Action No. 4:17-CV-00450 |
| v. | | Judge Mazzant |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, and PAMELA GOEHRING–GARFIELD | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Justin Manley's ("Manley") and Sigma Drilling Technologies, LLC's ("Sigma") (collectively "Defendants") Motion for Leave to File Counterclaim (Dkt. #82). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

This case involves Plaintiff Performance Pulsation Control, Inc.'s ("PPC") allegations that Manley, a former employee, formed a competing company, Sigma, to market and sell pulsation control products that he developed within the course of his employment with PPC. Specifically, PPC claims that Manley misappropriated PPC's trade secrets and confidential information while acting as the Director of Sales and Marketing for PPC. As a result, PPC filed suit seeking declaration that it is the owner of such intellectual property, as well as injunctive relief and monetary damages for breach of contract, breach of fiduciary duty, misappropriation, and unfair competition.

On January 31, 2018, Defendants filed their Motion for Leave to File Counterclaim (Dkt. #82). Specifically, Defendants seek leave to file counterclaims against PPC requesting declaratory and injunctive relief. On February 14, 2018, PPC filed its response (Dkt. #93).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Defendants seek leave to file counterclaims requesting declaratory and injunctive relief. Defendants assert that the Court "should grant leave . . . because there is no substantial reason to deny Sigma's and Manley's request." (Dkt. #82 at p. 1). Conversely, Plaintiff avers that leave is

unwarranted since "Defendants' proposed counterclaims against PPC are futile and made in bad faith." (Dkt. #93 at p. 1). The Court finds it is only necessary to address Plaintiff's futility argument.

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility exists when the amended complaint "fail[s] to state a claim upon which relief could be granted." *Id.* at 873; *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). In determining futility, the Court applies "the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Id.*

Defendants request a declaration that "PPC has no ownership or licensing rights to the intellectual property related to the products sold by Sigma" and "that Manley owes no continuing obligations to PPC resulting from Manley's previous employment with PPC." (Dkt. #83 at ¶ 25). Plaintiff argues such relief is futile "because the same intellectual property is already at issue in this lawsuit." (Dkt. #93 at p. 3). Stated differently, Plaintiff claims that the Court should reject Defendants' request for a declaratory judgment because such relief "seek[s] resolution of matters that will already be resolved as part of the claims in the lawsuit." (Dkt. #93 at pp. 3–4). The Court agrees.

Here, resolution of the claims alleged in Plaintiff's Second Amended Complaint resolve the concerns made issue in Defendants' request for declaratory relief—who maintains ownership and licensing rights over the intellectual property at issue. *See generally* (Dkt. #73). As such, the Court denies Defendants' request for leave to file a counterclaim for a declaratory judgment. *See Regus Mgmt. Grp., LLC v. Int'l Bus. Mach. Corp.*, No. 3:07-CV-1779-B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008) (recognizing that courts need not permit repetitive and unnecessary declaratory relief); *Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160-D, 2007 WL 1791252,

at *3 (N.D. Tex. June 21, 2007) (dismissing declaratory judgment relief because it duplicated an existing claim for relief).

Defendants additionally seek leave to file a counterclaim requesting injunctive relief. Specifically, Defendants request the Court grant a preliminary injunction preventing PPC from "misappropriating Manley's and Sigma's intellectual property and reverse engineering, manufacturing, and selling the products derived therefrom." (Dkt. #83 at ¶ 30). Further, Defendants seek a "permanent injunction against PPC preventing PPC from manufacturing or selling Manley's and Sigma's product." (Dkt. #83 at ¶ 36). Plaintiff responds that granting leave is futile because such a counterclaim fails to "support a viable claim upon which relief could be granted" and Defendants "cannot establish the elements necessary to obtain a remedy for injunctive relief." (Dkt. #93 at pp. 4–5).

"Injunctive relief is not itself a cause of action, but an equitable remedy predicated on a viable cause of action." *Russell v. Bac Home Loans Servicing, L.P.*, No. SA0-14-CA-480-FB, 2014 WL 12489704, at *10 (W.D. Tex. Aug. 21, 2014, *report and recommendation adopted*, 2015 WL 11545023 (W.D. Tex. Mar. 11, 2015) (citing *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012). Here, Defendants fail to plead a cause of action to sustain a request for injunctive relief. Stated differently, there is no viable claim to support a request for injunctive relief. As such, the Court denies Defendants' request for leave to file a counterclaim for a injunctive relief. *See id.*

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to File Counterclaim (Dkt. #82) is hereby **DENIED.**

4

**SIGNED this 27th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE