# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § § § § § § § § § § | |
| | | Civil Action No. 4:17-CV-00450 |
| v. | | Judge Mazzant |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, and PAMELA GOEHRING–GARFIELD | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Sigma Drilling Technologies, LLC, Intrepid Consulting, LLC, Justin Manley, Allison Manley, William Garfield, and Pamela Goehring-Garfield's (collectively "Defendants") Motion for Protective Order (Dkt. #80). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied as moot.

## BACKGROUND

This case involves Plaintiff Performance Pulsation Control, Inc.'s ("PPC") allegations that Justin Manley ("J. Manley"), a former employee, formed a competing company, Sigma Drilling Technologies, LLC ("Sigma"), to market and sell pulsation control products that he developed within the course of his employment with PPC. Specifically, PPC claims that J. Manley misappropriated PPC's trade secrets and confidential information while acting as the Director of Sales and Marketing for PPC. As a result, PPC filed suit seeking declaration that it is the owner of such intellectual property, as well as injunctive relief and monetary damages for breach of contract, breach of fiduciary duty, misappropriation, and unfair competition.

On November 29, 2017, the Court issued a First Amended Protective Order (Dkt. #50). On December 28, 2017, Plaintiff filed a Motion to Compel (Dkt. #58). In addition to filing a response to Plaintiff's Motion to Compel, Defendants filed a Motion for Protective Order (Dkt. #80). Plaintiff filed its response (Dkt. #92) on February 14, 2018, and Defendants filed their reply (Dkt. #95) on February 22, 2018.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## ANALYSIS

In their Motion for Protective Order, Defendants seek "protection of documents PPC separately moved to compel." (Dkt. #80 at p. 1). The Court finds Defendants' motion is moot for three reasons. First, the Court issued a First Amended Protective Order (Dkt. #50), which provides the same or similar protections as requested by Defendants in their motion. Second, the Court, in

2

its Memorandum Opinion and Order addressing Plaintiff's Motion to Compel, provided that "Defendants maintain the option to redact documents in order to protect any alleged trade secrets or confidential information, subject to providing a privilege log." (Dkt. #89 at p. 7). Finally, Defendants, in their reply, state that "[i]n light of the Court's ruling [regarding Plaintiff's Motion to Compel], the Defendants' request for protection from Plaintiff's discovery requests and motion to compel is now moot." (Dkt. #95 at p. 2). As such, the Court finds Defendants' motion should be denied as moot.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Protective Order (Dkt. #80) is hereby **DENIED as moot.**

**SIGNED this 27th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE