# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § § § § § § § § § § § | |
| | | Civil Action No. 4:17-CV-00450 |
| | | Judge Mazzant |
| v. | | |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, and PAMELA GOEHRING–GARFIELD | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Sigma Drilling Technologies, LLC, Intrepid Consulting, LLC, Justin Manley, Allison Manley, William Garfield, and Pamela Goehring-Garfield's (collectively "Defendants") Motion for Leave to Amend Defendants' Answer to Plaintiff's Second Amended Complaint (Dkt. #127). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

### BACKGROUND

This case involves Plaintiff Performance Pulsation Control, Inc.'s ("PPC") allegations that Justin Manley, a former employee, formed a competing company, Sigma Drilling Technologies, LLC, to market and sell pulsation control products that he developed within the course of his employment with PPC. Specifically, PPC claims that Justin Manley misappropriated PPC's trade secrets and confidential information while acting as the Director of Sales and Marketing for PPC. As a result, PPC filed suit seeking declaration that it is the owner of such intellectual property, as well as injunctive relief and monetary damages for breach of contract, breach of fiduciary duty, misappropriation, and unfair competition.

On January 23, 2018, Plaintiff filed its Second Amended Complaint (Dkt. #73). On February 27, 2018, Defendants filed their Answer (Dkt. #98). On May 1, 2018, Defendants filed their Motion for Leave to Amend Defendants' Answer to Plaintiff's Second Amended Complaint (Dkt. #127). On May 15, 2018, Plaintiff filed its response (Dkt. #141).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Defendants seek leave to amend their answer to assert that Plaintiff brought its misappropriation claims under the Texas Uniform Trade Secrets Act in bad faith and to request

attorney's fees pursuant to Texas Civil Practice and Remedies Code § 134A.005. Defendants contend that the Court "should grant leave . . . because there is no substantial reason to deny Defendants' request" and doing so "will not prejudice PPC as discovery is still ongoing and depositions have yet to be taken." (Dkt. #127 at pp. 1–2). In response, Plaintiff avers that leave is unwarranted because Defendants' proposed amendment is futile.

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility exists when the amended complaint "fail[s] to state a claim upon which relief could be granted." *Id.* at 873; *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). In determining futility, the Court applies "the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Id.* In performing a 12(b)(6) analysis, the Court disregards conclusory allegations, for they are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

To support their request for leave, Defendants contend that "[a]s discovery has progressed in this case Defendants have developed reason to believe Plaintiff's [Texas Uniform Trade Secrets Act] misappropriation claims have been brought in bad faith." (Dkt. #127 at p. 2). Moreover, in their proposed First Amended Answer, Defendants allege that "PPC's claims for misappropriation under the Texas Uniform Trade Secrets Act are made in bad faith." (Dkt. #129 at p. 7). Aside from these conclusory statements, Defendants fail to provide the Court with any factual support for their claims. As such, the Court finds that Defendants' amendment is futile and should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to Amend Defendants' Answer to Plaintiff's Second Amended Complaint (Dkt. #127) is hereby **DENIED.**

**SIGNED this 22nd day of May, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE