# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § § | |
| | § | Civil Action No. 4:17-CV-00450 |
| v. | § § | Judge Mazzant |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, and PAMELA GOEHRING–GARFIELD | § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Justin Manley ("Manley") and Sigma Drilling Technologies, LLC's ("Sigma") (collectively "Defendants") Second Motion for Leave to File Counterclaim (Dkt. #128). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

## BACKGROUND

This case involves Plaintiff Performance Pulsation Control, Inc.'s ("PPC") allegations that Manley, a former employee, formed a competing company, Sigma, to market and sell pulsation control products that he developed within the course of his employment with PPC. Specifically, PPC claims that Manley misappropriated PPC's trade secrets and confidential information while acting as the Director of Sales and Marketing for PPC. As a result, PPC filed suit seeking declaration that it is the owner of such intellectual property, as well as injunctive relief and monetary damages for breach of contract, breach of fiduciary duty, misappropriation, and unfair competition.

On May 1, 2018, Defendants filed their Second Motion for Leave to File Counterclaim (Dkt. #128). In their motion, Defendants seek leave to file a counterclaim for declaratory relief that Defendants are the rightful owners of the disputed trade secrets. On May 15, 2018, Plaintiff filed its response (Dkt. #142).

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party "may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ANALYSIS

Defendants assert that leave is justified because the declaratory relief sought resolves matters "that will not otherwise be resolved as part of PPC's claims in this lawsuit, there is no

2

substantial reason to deny Defendants' request," and granting leave "will not prejudice PPC as discovery is still ongoing and depositions have yet to be taken." (Dkt. #128 at pp. 1–2). Conversely, Plaintiff avers that leave is unwarranted because "Defendants' proposed counterclaim against PPC is futile" and resolution of its claims in its amended complaint "resolve[s] the concerns made issues in Defendants' request for declaratory relief." (Dkt. #142 at pp. 2, 5).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Futility exists when the amended complaint "fail[s] to state a claim upon which relief could be granted." *Id.* at 873; *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016). In determining futility, the Court applies "the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Id.* [A] defendant's declaratory judgment counterclaim must do more than simply restate its defenses to the plaintiff's cause of action." *Albritton Properties v. Am. Empire Surplus Lines*, No. 3:04-CV-2531-P, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (citing *BHP Petroleum Co. v. Millard*, 800 S.W. 2d 838, 841 (Tex. 1990)). "[A] motion for declaratory judgment that merely restates a party's defense is insufficient unless the party can prove that there are issues of greater ramification to be resolved." *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No. 3:05-cv-1883-P, 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006).

Here, Plaintiff, in its Second Amended Complaint, seeks a declaratory judgment that it is the sole owner of the specific trade secrets made issue in this case (Dkt. #73 at ¶ 74). In Defendants' Answer, they assert as an affirmative defense that "PPC's claims are barred because the Defendants independently discovered the alleged trade secret/and or confidential information at issue." (Dkt. #98 at p. 7). Thus, Defendants' defense that Plaintiff does not own the trade secrets is that Defendants themselves are the owners. Through their request for declaratory relief,

Defendants seek a judgment that they are the rightful owners to the specific trade secrets. This is merely a restatement of Defendants' defense to Plaintiff's claim that it owns the trade secrets. As such, Defendants' request is insufficient and their request for leave to file a counterclaim should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Second Motion for Leave to File Counterclaim (Dkt. #128) is hereby **DENIED.**

**SIGNED this 22nd day of May, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE