IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. § § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No. 4:17-cv-00450 | |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALISON MANLEY, WILLIAM GARFIELD, and PAMELA GOEHRING-GARFIELD § § § § § § § | JURY | |
| Defendants. § | | |

**JUSTIN MANLEY & WILLIAM GARFIELD'S
MOTION FOR PARTIAL SUMAMRY JUDGMENT**

Plaintiff's breach of contract cause of action against Defendants Manley and Garfield fail because the purported "contract" upon which Plaintiff sues states in multiple locations that it is not a contract. Therefore, Defendants Justin Manley and William Garfield file this, their Motion for Partial Summary Judgment, seeking dismissal of the Plaintiff's breach of contract claims against them. In accordance with Fed. R. Civ. P. 56 and Local Rule CV-56, Defendant respectfully shows:

## I.   STATEMENT OF ISSUE TO BE DECIDED

1) The "contract" upon which Plaintiff sues is unenforceable because the document is not a contract and expressly disclaims contractual obligations; and

2) The "contract" upon which Plaintiff sues is illusory and unenforceable.

## II. INTRODUCTION

In its Second Amended Complaint, Plaintiff Performance Pulsation Control, Inc. (PPC) alleges breach of contract claims against William Garfield and Justin Manley. The "contract" upon which PPC sues is actually an employee handbook (the Employee Handbook) and an employee handbook acknowledgement of receipt (the Acknowledgement). Both the PPC Handbook and Acknowledgement state that they are not intended to create a contract. Additionally, the Employee Handbook allows PPC – and PPC only – to amend or cancel the Employee Handbook unilaterally. The Employee Handbook imposes no detriment or obligation on PPC and, therefore, is illusory and unenforceable as a matter of law.

The Employee Handbook states, in relevant part, as follows:

"**Policies set forth in this handbook are not intended to create a contract, nor are they to be construed to constitute contractual obligations of any kind or a contract of employment between PPC and any of its employees**. The provisions of the handbook have been developed at the discretion of management and, except for its policy of employment-at-will, **may be amended or cancelled at any time, at PPC's sole discretion.**"[1]

The Acknowledgement states:

"Furthermore, I acknowledge that this Employee Handbook **is neither a contract of employment nor a legal document**."[2]

## III. STATEMENT OF UNDISPUTED FACTS

William Garfield was an at-will employee of PPC from February 13, 2013 through July 19, 2013. (Dkt. #73, Second Amended Complaint, ¶ 41). Justin Manley was an at-will employee of PPC as its Director of Sales and Marketing from May 12, 2012 until April 7, 2016. (Dkt. #73, Second Amended Complaint, ¶ 19). Garfield and Manley for "breach" of an employee handbook that explicitly and unequivocally recites that it is not a contract. PPC pursues a cause of action

---

[1] Exhibit C – PPC Handbook - PPC199110-199146, p. 9 (PPC199110), emphasis added.
[2] Exhibit A – Garfield Acknowledgment; Exhibit B – PPC321224- Manley Acknowledgment.

for "breach" based solely on the employee handbook for use of confidential information, maintaining outside employment, and Internet usage. (Dkt. #73, Second Amended Complaint, Count 5, ¶ 31). Garfield and Manley each signed a document entitled, "PPC EMPLOYEE HANDBOOK ACKNOWLEDGEMENT OF RECEIPT, (the Employee Handbook and Acknowledgment).[3] The Employee Handbook explicitly allows outside employment, ("employees may hold outside jobs as long as they meet the performance standards of their job with PPC.") (Dkt. #73, Second Amended Complaint, ¶ 19). The Employee Handbook is the sole "contract" upon which PPC bases its breach of contract claim against Manley and Garfield. (Dkt. #73, Second Amended Complaint, Count 5, ¶ 81-82).

## IV. ARGUMENTS & AUTHORITIES

The threshold question in a breach of contract claim is whether a valid contract exists. For a contract to exist there must be an offer, acceptance, and consideration. *See Domingo v. Mitchell,* 257 S.W.3d 34, 39 (Tex.App.-Amarillo 2008, pet. denied). A contract must be based on valid consideration. *See Texas Gas Utilities Co. v. Barrett,* 460 S.W.2d 409, 412 (Tex.1970).

### A. Disclaimer of Contractual Obligations.

Both the Acknowledgement and the underlying Employee Handbook expressly state that they do not form a contract. They read, in relevant part, as follows:

> "Furthermore, I acknowledge that this Employee Handbook **is neither a contract of employment nor a legal document**."[4]
>
> \*\*\*
>
> "Policies set forth in this handbook **are not intended to create a contract, nor are they to be construed to constitute contractual obligations of any kind or a contract of employment** between PPC and any of its employees."[5]

---

[3] Exhibit A – Garfield Acknowledgment; Exhibit B – PPC321224- Manley Acknowledgment.
[4] Exhibit A – Garfield Acknowledgment; Exhibit B – PPC321224- Manley Acknowledgment.
[5] Exhibit C – Employee Handbook - PPC199110-199146, p. 9 (PPC199110).

The Texas Supreme Court holds that statements contained in acknowledgments of receipt to employee handbooks that are materially identical to those contained in the Acknowledgment at issue in this case conclusively negate the existence of a contract for any purpose. For example, in *Fed Exp. Corp. v. Dutschmann,* the sentence the Court focused upon was "I understand (the handbook) is not a contract and the information provided may need to be changed by the company from time to time." *Fed. Exp. Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993). A disclaimer in an employee handbook negates any implication that an employee handbook creates a contract. *See Wilhite v. H.E. Butt Co.,* 812 S.W.2d 1, 6 (Tex.App.—Corpus Christi 1991, no writ); *Hicks v. Baylor Univ. Med. Center,* 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Berry v. Doctor's Health Facilities,* 715 S.W.2d 60, 61–62 (Tex.App.—Dallas 1986, no writ); *Zimmerman v. H.E. Butt Grocery Co.,* 932 F.2d 469, 470 (5th Cir.), *cert. denied,* 502 U.S. 984, 112 S.Ct. 591, 116 L.Ed.2d 615 (1991) (employee signed acknowledgement that employee handbook did not constitute a contract); *Perez v. Vinnell Corp.,* 763 F.Supp. 199, 200–01 (S.D.Tex.1991) (employee manual expressly provided that it was a guide, not a contract); *White v. Federal Express Corp.,* 729 F.Supp. 1536, 1547–49 (E.D.Va.1990), *aff'd,* 939 F.2d 157 (4th Cir.1991) (employee handbook at issue in the current case held not to be a contract modifying at-will employment); *Bowser v. McDonald's Corp.,* 714 F.Supp. 839, 842 (S.D.Tex.1989) (employee manual provided that employment was at will). *See also* Restatement (Second) of Contracts § 21 (1979) (manifestation of intention that a promise shall not affect legal relations may prevent the formation of a contract); *Fed. Exp. Corp. v. Dutschmann*, 846 S.W.2d 282, 283–84 (Tex. 1993).

### B. No Mutuality of Obligation.

Consideration may consist of either benefits or detriments to the contracting parties. Consideration may consist of some right, interest, profit, or benefit that accrues to one party, or, alternatively, of some forbearance, loss or responsibility that is undertaken or incurred by the other party. *Zamora v. Swift Transp. Corp.*, 547 F. Supp. 2d 699, 703 (W.D. Tex. 2008), aff'd, 319 F. App'x 333 (5th Cir. 2009). When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation and, thus, there is no contract. *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 645 (Tex.1994). A promise is illusory when it fails to bind the promisor, who retains the option of discontinuing performance. *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 370 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding); *Zamora v. Swift Transp. Corp.*, 547 F. Supp. 2d 699, 703 (W.D. Tex. 2008), aff'd, 319 F. App'x 333 (5th Cir. 2009).

According to the Employee Handbook upon which PPC sues, PPC can unilaterally amend or cancel any provision contained within the Employee Handbook at any time. Therefore the Employee Handbook imposed no mutuality of obligation.

> "Policies set forth in this handbook are not intended to create a contract, nor are they to be construed to constitute contractual obligations of any kind or a contract of employment between PPC and any of its employees. The provisions of the handbook have been developed at the discretion of management and, except for its policy of employment-at-will, **may be amended or cancelled at any time, at PPC's sole discretion.**"[6]

The Employee Handbook imposed no obligation or detriment upon PPC because PPC could, at its sole discretion, cancel or amend the provisions included in the Employee Handbook at any time. For these reasons, the contract upon which PPC sues is not a contract and is

---

[6] Exhibit C – Employee Handbook - PPC199110-199146, p. 9 (PPC199110), emphasis added.

unenforceable as a matter of law. The breach of contract claims of PPC against Justin Manley and William Garfield must be dismissed.

## V.     CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, in accordance with Fed. R. Civ. P. 166(a) and Local Rule CV-56, Defendants Justin Manley and William Garfield respectfully pray that the Court grant their Motion for Partial Summary Judgment, hold as a matter of law that the Employee Handbook and Associated Acknowledgement imposed no contractual obligations upon Defendants, and enter an Order dismissing PPC's Breach of Contract claims against Justin Manley and William Garfield and for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

/s/ *Gregory N. Ziegler*
**Gregory N. Ziegler**
Texas Bar No. 00791985
GZiegler@macdonalddevin.com
**William I. Gardner**
Texas Bar No. 24053219
BGardner@macdonalddevin.com
**J. Robert Skeels**
Texas Bar No. 24048802

**MACDONALD DEVIN, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214.744.3300 (Telephone)
214.747.0942 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th Day of July, 2018 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/ *J. Robert Skeels*
**J. Robert Skeels**