# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PERFORMANCE PULSATION CONTROL, INC. § <br> § <br> § <br> v. § <br> § <br> SIGMA DRILLING TECHNOLOGIES, § <br> LLC, INTREPID CONSULTING, LLC, § <br> JUSTIN MANLEY, ALLISON MANLEY, § <br> WILLIAM GARFIELD, PAMELA § <br> GOEHRING–GARFIELD, and § <br> ADVANCED RUPTURE DISK § <br> TECHNOLOGY, INC. § | Civil Action No. 4:17-CV-00450 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Performance Pulsation Control, Inc.'s ("PPC") Emergency Motion to Quash and Emergency Motion for Protection from Defendants' Subpoena to Non-Party HRS Fastener, Inc. ("Fastener") (Dkt. #187). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

On August 22, 2018, Defendant Sigma Drilling Technologies, LLC ("Sigma"), served PPC with a notice of intent to serve a subpoena on Fastener (Dkt. #187-1). The subpoena requires Fastener to produce documents and electronically stored information related to eight categories by September 6, 2018, at 5:00 p.m. (Dkt. #187-1 at p. 6). On September 5, 2018, PPC filed the motion at issue. PPC moves the Court to quash the subpoena and enter a protective order arguing the subpoena is unduly burdensome, seeks irrelevant information, and the information sought can be obtained from more convenient sources. Fastener has not objected to the subpoena or joined PPC's motion.

"A party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a 'personal right or privilege with respect to the materials subpoenaed.'" *Diamond Consortium Inc. v. Manookian*, 4:17-MC-00002, 2017 WL 699052, at *1 (E.D. Tex. Feb. 22, 2017) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see also Raytheon Co. v. Indigo Sys. Corp.*, 4:07-CV-109, 2008 WL 2509367, at *1 (E.D. Tex. June 23, 2008). PPC does not allege a personal right or privilege with respect to the materials subpoenaed. Accordingly, PPC does not have standing to quash the subpoena. Therefore, the Court **DENIES** PPC's Emergency Motion to Quash and Emergency Motion for Protection from Defendants' Subpoena to Fastener (Dkt. #187).

**IT IS SO ORDERED.**
**SIGNED this 6th day of September, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE