# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § | |
| v. | § § | Civil Action No. 4:17-CV-00450 |
| | § | Judge Mazzant |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, PAMELA GOEHRING–GARFIELD, and ADVANCED RUPTURE DISK TECHNOLOGY, INC. | § § § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Sigma Drilling Technologies, LLC ("Sigma"), Intrepid Consulting, LLC, Justin Manley, Allison Manley, William Garfield, Pamela Goehring-Garfield, and Advance Rupture Disk Technology, Inc.'s ("ARDT") Emergency, Sealed Motion to Quash Eight (8) Non-Party Subpoenas (Dkt. #210).[1] Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied (Dkt. #210). However, the Court modifies the subpoenas to ensure the protection of any potential confidential information.

## BACKGROUND

On June 29, 2018, the Court considered a disagreement between Plaintiff Performance Pulsation Control, Inc. and ARDT concerning a Non-Competition, Confidentiality, and Invention Agreement entered into by PPC and ARDT (Dkt. #155 at pp. 1–2). The Court ordered Plaintiff to

---

1. Defendants title their motion "Defendant's Emergency, Sealed Motion to Quash *Seven (7)* Non-Party Subpoenas." (Dkt. #210) (emphasis added). However, in the prayer, Defendants ask the Court to quash *eight* subpoenas— "[Defendants] pray that the Court quash the subpoenas served on [1] B&E Resources, [2] Bridges Equipment, [3] Ensign International Energy Services, [4] Master Rig Drilling, [5] Nabors International, Inc., [6] Noah's Service & Supply, [7] Precisions Drilling, and [8] Trinidad Drilling . . . ." (Dkt. #210 at p. 10). Additionally, the Court finds eight subpoenas in Defendants' Exhibit A (Dkt. #210-1). Accordingly, the Court retitles Defendants' motion.

produce to ARDT a list of Plaintiff's clients that Plaintiff maintained "from the date the contract was entered into onward." Once Plaintiff produced the list, the order required ARDT to compare the names listed by Plaintiff with the clients ARDT sold products to on behalf of Sigma. For any matching customer, ARDT was to produce the customer's names, relevant invoices, pertinent form emails, and germane communications between ARDT and the customer.

Plaintiff produced a list of 750 entities in compliance with the Court's order (Dkt. #210 at p. 2). ARDT found nine matching clients ("crossover clients") (Dkt. #210-2).[2] Plaintiff then subpoenaed eight of the crossover clients on October 10, 2018, seeking the following:

> 1. All emails, letters, and correspondence between You and AES [Advanced Energy Solutions, LLC] relating to Sigma or Sigma Products.
>
> 2. All documents exchanged between You and AES relating to Sigma or Sigma Products.
>
> 3. All invoices or purchase orders exchanged between You and AES relating to Sigma or Sigma Products.
>
> 4. All emails, letters, and correspondence between You and ARDT relating to Sigma or Sigma Products.
>
> 5. All documents exchanged between You and ARDT relating to Sigma or Sigma Products.
>
> 6. All invoices or purchase orders exchanged between You and ARDT relating to Sigma or Sigma Products.
>
> 7. All emails, letter, and correspondence relating to Sigma Products.
>
> 8. All documents relating to Sigma Products.
>
> 9. All invoices or purchase orders relating to Sigma Products.
>
> 10. All Documents and Communications Evidencing the total payments You have made to Justin Manley, AES, ARDT, Sigma and/or Intrepid for Sigma Products.

---

2. Defendants claim there are eight "crossover" clients (Dkt. #210 at p. 3). However, Defendants' Exhibit B shows nine crossover clients (Dkt. #210-2).

2

(Dkt. #210-1).

On October 17, 2018, Defendants filed the emergency motion to quash at issue seeking to quash the subpoenas served on the crossover clients (Dkt. #210). On October 24, 2018, Plaintiff filed a response to the motion (Dkt. #213). On October 25, 2018, the Court held a telephonic conference and heard, among other things, arguments on the motion. At the conference, the Court took the motion under advisement.

## LEGAL STANDARD

"A party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a 'personal right or privilege with respect to the materials subpoenaed.'" *Diamond Consortium Inc. v. Manookian*, 4:17-MC-00002, 2017 WL 699052, at *1 (E.D. Tex. Feb. 22, 2017) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *see also Raytheon Co. v. Indigo Sys. Corp.*, 4:07-CV-109, 2008 WL 2509367, at *1 (E.D. Tex. June 23, 2008). A district court is required to quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3)(A). A district court may quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. FED. R. CIV. P. 45(d)(3)(B). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

"The party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of

3

the burden." *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 44 (N.D. Tex. 2015) (citations omitted). To determine whether a subpoena presents an undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa*, 392 F.3d at 818. If the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id.* A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad. *Id.*

## ANALYSIS

"A party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a 'personal right or privilege with respect to the materials subpoenaed.'" *Diamond Consortium Inc.*, 2017 WL 699052, at *1 (quoting *Brown*, 595 F.2d at 967). Defendants argue the subpoenas seek ARDT's client communications and contacts, and such materials are protected as they constitute Defendants' proprietary information (Dkt. #210 at p. 6). Plaintiff responds that Defendants fail to establish a "personal right or privilege" with respect to the materials subpoenaed. (Dkt. #213 at pp. 2–3). Plaintiff also argues there is no evidence that the information sought by the subpoena is confidential (Dkt. #213 at pp. 3–5).

The Court agrees with Plaintiff. Defendants insist that they have a protected interest in "confidential client lists, pricing information, and communications with third parties." (Dkt. #210 at p. 8). However, Defendants do not provide evidence indicating that the materials subpoenaed contain Defendants' confidential client lists, pricing information, and protected communications. For example, there is no evidence that the materials subpoenaed contain Defendants' trade secrets

4

or other confidential information, or that Defendants possess a right or privilege to such information. *See* FED. R. CIV. P. 45(d)(3)(B). Additionally, Defendants provide no evidence that the subpoenaed materials are actually confidential—as demonstrated in Plaintiff's response (Dkt. #213 at pp. 2–5). As a result, Defendants fail to meet their burden.

Even so, the Court appreciates the difficulty of Defendants' situation. Defendants likely cannot show what the crossover clients' documents contain. Further, if Defendants are correct, and the subpoenaed information contains confidential information or trade secrets, the production of such information without protection could be devastating to Defendants. Accordingly, pursuant to Federal Rule of Civil Procedure 45(d), the Court **DENIES** Defendants' Emergency, Sealed Motion to Quash Eight (8) Non-Party Subpoenas (Dkt. #210), but **MODIFIES** the subpoenas in the following manner.

The Court **ORDERS** the subpoenaed information first be provided to Defendants. Within **seven (7) days** of receiving the subpoenaed information, Defendants may mark such documents as Confidential or Attorney's Eyes Only ("AEO") in compliance with the First Amended Protective Order (Dkt. #50). At the expiration of the seven-day period or before, Defendants must produce the information received by the crossover clients to Plaintiff. This process should protect Defendants' interests while ensuring that Plaintiff receives the subpoenaed information.

**IT IS SO ORDERED.**
**SIGNED this 30th day of October, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE