UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. § § *Plaintiff*, § § v. § § SIGMA DRILLING TECHNOLOGIES, § LLC; INTREPID CONSULTING, LLC; § JUSTIN MANLEY; ALLISON § MANLEY; WILLIAM GARFIELD; § PAMELA GOEHRING-GARFIELD; § and ADVANCED RUPTURE DISK § TECHNOLOGY, INC. § *Defendants*. § | | CASE NO. 4:17-cv-00450-ALM |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO PLAINTIFF'S PREEMPTED CLAIMS**

Pursuant to Federal Rule of Civil Procedure 56, Defendants Sigma Drilling Technologies, LLC ("Sigma"), Intrepid Consulting, LLC ("Intrepid"), Justin Manley, Allison Manley, William Garfield, and Pamela Goehring-Garfield (collectively, Movants) move for partial summary judgment as to four of Plaintiff's common law claims based on statutory preemption, and show:

**I.     Introduction**

Plaintiff Performance Pulsation Control, Inc. ("PPC") sued Movants for an alleged violation of the Texas Uniform Trade Secrets Act ("TUTSA"), arguing Movants "misappropriated or are misappropriating [Plaintiff's] trade secrets in violation of TUTSA." (Dkt. #73, ¶ 77).  In addition, PPC sued Movants for civil theft, conversion, unfair competition, and breach of fiduciary duty, all of which are based on PPC's underlying factual assertions regarding misappropriation of PPC's trade secrets.  (Dkt. #73).

The Texas Uniform Trade Secrets Act ("TUTSA") contains an exclusive remedy provision that unambiguously preempts Texas common law causes of action based on misappropriation of trade secrets. PPC's common law claims against Movants for civil theft, conversion, unfair competition, and breach of fiduciary duty each rely upon misappropriation of trade secrets as the factual basis. Accordingly, this Court should grant Movants summary judgment as to such claims, because such claims are preempted by TUTSA.

Defendants have consistently challenged PPC's claim to any cause of action based on the Federal Copyright Act, including moving for dismissal of such claims. Without waiving such challenges, summary judgment is also appropriate as to Plaintiff's causes of action for civil theft, conversion, and unfair competition, because they are also preempted by the Federal Copyright Act and the Federal Patent Act.

**II.    Statement of issues to be decided**

1. Whether PPC's claims of breach of fiduciary duty, civil theft, conversion, and unfair competition should be dismissed with prejudice because such claims are preempted by TUTSA.

2. Alternatively and without waiving Movants' challenges to PPC's copyright claims, whether PPC's claims of civil theft, conversion, and unfair competition should be dismissed with prejudice because such claims are preempted by the Federal Copyright Act and the Federal Patent Act.

**III.   Summary judgment evidence**

Attached as evidence in support of this motion for summary judgment are true and correct copies of the following documents:

**Ex. A**   U.S. Patent Application Publication No. US2017/0067456A1, published March 9, 2017

**Ex. B**   U.S. Patent Application Publication No. US2017/0146176A1, published May 25, 2017

IV.     **Argument and authorities**

   A.     *Summary judgment standard*

Summary judgment is proper in a case in which there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 47 U.S. 317, 322 (1986); *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016).  Summary judgment may be proper where a cause of action is not viable as a matter of law.  *Hefren*, 820 F.3d at 771 (state statute had peremptory effect over federal Jones Act case); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (summary judgment as a matter of law, based on qualified immunity).

   B.     *The Court should grant summary judgment as to PPC's common law causes of action for conversion, civil theft, unfair competition, and breach of fiduciary duty, because such claims are preempted by TUTSA*

      1.     **TUTSA unambiguously provides the exclusive remedy for misappropriation of trade secret claims, preempting the common law**

TUTSA contains an exclusive remedy provision, which provides that TUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret."  TEX. CIV. PRAC. & REM. CODE § 134A.007(a) (Vernon 2013).  Texas courts construing this exclusive remedy provision have held that TUTSA preempts common law claims.  *See, e.g., Super Starr Int'l, LLC v. Fresh Tex Produce, LLC,* 531 S.W.3d 829, 843 (Tex. App.—Corpus Christi 2017, no pet.) (holding common law breach of fiduciary duty claim preempted by TUTSA); *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 1:17-CV-444-RP, 2018 WL 315753, at *3 (W.D. Tex. Jan. 5, 2018) (holding "TUTSA's preemption clause applies to a breach of fiduciary duty claim that is based solely upon taking confidential information."); *360 Mortgage Group, LLC v. Homebridge Fin. Services, Inc.*, A-14-CA-00847-SS, 2016 WL 900577, at *6 (W.D. Tex. Mar. 2, 2016) (claims for conversion, unjust enrichment,

and constructive trust preempted by TUTSA); *Lifesize Inc. v. Chimene*, 2017 WL 1532609, *12 (W.D. Tex. 2017) (conversion and theft claims preempted by TUTSA).

Other federal courts have held similarly. *See, e.g. Brand Servs., LLC v. Irex Corp.*, No. CV 15-5712, 2017 WL 3024245, at *2 (E.D. La. July 17, 2017) ("Indeed, the majority approach is that the UTSA "preempts noncontractual legal claims protecting business information, whether or not the business information is a Uniform Act trade secret."); *Thomas Betts Corp. v. Panduit Corp.*, 108 F.Supp.2d 968, 972 (N.D. Ill. 2000) (concluding that a breach of fiduciary duty claim was preempted because "[t]he evidence is substantial that the confidential sales data and related information" allegedly taken "constitute trade secrets under the statute"); *Smithfield Ham & Prod. Co. v. Portion Pac, Inc.*, 905 F. Supp. 346, 348 (E.D. Va. 1995) (applying Virginia law, holding trade secret preemption "prevent inconsistent theories of relief for the same underlying harm...premised on the misappropriation of a trade secret.").

**2. Summary judgment is appropriate as to PPC's conversion claim, because it is preempted by TUTSA**

PPC brought a conversion claim against Movants Intrepid, Justin Manley, and William Garfield. (Dkt. #73, pp. 25-26). With respect to such claim, PPC alleges:

> 94. PPC rightfully owns and has the right to immediate possession of *PPC's Confidential Information that Defendants misappropriated, as well as any of PPC's intangible Confidential Information that J. Manley and/or W. Garfield reduced to some tangible form.* Specifically, J. Manley and/or W. Garfield merged PPC's intangible right in the Confidential Information with unique paper documents, including but not limited to, among other things, the federal patent application filed by Manley and/or Garfield. J. Manley also merged such Confidential Information into the computes and other media storage J. Manley kept after his employment with PPC.
>
> 95. *Defendants intended to deprive PPC of its Confidential Information and Defendants intended to use the Confidential Information in a manner that excluded or was inconsistent with PPC's rights.*

(Dkt. #73, ¶¶ 94-95) (emphasis added). Summary judgment is proper as to such claim.

Under Texas law, conversion is the wrongful exercise of dominion and control over another's property, in a manner that denies or conflicts with the true owner's rights, thereby causing injury to the property owner. *Bandy v. First State Bank,* 835 S.W.2d 609, 622 (Tex. 1992). TUTSA provides a right to recovery where a plaintiff owned a trade secret, the defendant misappropriated that trade secret, and the misappropriation caused plaintiff's claimed injury. TEX. CIV. PRAC. & REM. CODE §§ 134A.002 and 134A.004(a) (Vernon 2013).

Here, PPC's conversion claim is simply a claim that Movants allegedly used PPC's trade secrets and confidential business information improperly. Accordingly, such claim is based on the identical underlying facts and harm of PPC's misappropriation of trade secrets claim. Consequently, PPC's conversion claim should be preempted by TUTSA. *See* TEX. CIV. PRAC. & REM. CODE § 134A.007 (Vernon 2013); *360 Mortgage Group, LLC v. Homebridge Fin. Services, Inc.*, A-14-CA-00847-SS, 2016 WL 900577, at *7 (W.D. Tex. Mar. 2, 2016) (holding TUTSA preempts conversion claim). For these reasons, this Court should grant Movants summary judgment as to PPC's conversion claim.

### 3. Summary judgment is appropriate as to PPC's civil theft claim with respect to PPC's claimed trade secrets, because such claim is preempted by TUTSA

PPC asserts a theft claim against Movants Sigma, Intrepid, Justin Manley, Allison Manley, and William Garfield. (Dkt. #73, pp. 24-25). PPC alleges:

> 88. While employees of PPC, Defendants J. Manley, A. Manley, and W. Garfield used PPC's time, funds, car allowance, credit cards, computers, expense report process ("PPC's Resources"), *as well as PPC's trade secrets, confidential, and proprietary information for their own personal gain*, and J. Manley and/or A. Manley used PPC's Resources for the gain of Sigma and Intrepid.

> 89. By their misappropriation of PPC's Resources and Confidential Information, *Defendants have unlawfully appropriated or are unlawfully appropriating PPC's property* in violation of Chapter 134 of the Texas Civil Practice and Remedies Code (the "Texas Theft Liability Act") and have caused PPC to suffer damages.

> 90. Upon information and belief, Defendants have developed and continue to develop Patent Applications, CFC Kits, the Acoustic Assassin, Automated Nitrogen Charging and Adjustment System for Gas-charged Pulsation Equipment, and derivative products *by unlawfully appropriating PPC's Confidential Information, proprietary information, and trade secrets*, and have obtained substantial profits in so doing.

(Dkt. #73, ¶¶ 88-90) (emphasis added).

To the extent PPC seeks damages for alleged theft of trade secrets, as opposed to theft of physical property, PPC's theft claim seeks recovery for the same harm contemplated by TUTSA. *See* TEX. CIV. PRAC. & REM. CODE § 134A.002(3) (Vernon 2013); *Lifesize, Inc. v. Chimene*, No. 1:16-CV-1109-RP, 2017 WL 1532609, at *12 (W.D. Tex. Apr. 26, 2017) ("Where the plaintiff directs its conversion claim at the loss of the intangible right contained or integrated with the tangible item, its claim clearly addresses and seeks recovery for the same harm contemplated by TUTSA."). Accordingly, PPC's claim for theft of trade secrets should be preempted by TUTSA. *Id.*, *citing* TEX. CIV. PRAC. & REM. CODE § 134A.007 (Vernon 2013). For these reasons, this Court should grant Movants summary judgment as to PPC's theft of trade secrets claim.

### 4. Summary judgment is appropriate as to PPC's unfair competition claim, because it is preempted by TUTSA

PPC asserts an unfair competition claim against Movants Sigma, Intrepid, Justin Manley, and William Garfield. (Dkt. #73, p. 26). PPC alleges:

> 98. Defendants' conduct as stated above amounts to unfair competition prohibited by Texas law which has caused damage to PPC. PPC's *Confidential Information* is the product of PPC's extensive time, labor, skill, and money. *Defendants have obtained or are attempting to improperly obtain PPC's valuable secret and proprietary information to provide Defendants an unlawful advantage in competition with PPC. PPC has suffered damages as a result of Defendants' unfair competition.*

(Dkt. #73, ¶ 98) (emphasis added).

The conduct of which PPC complains, unfair competition based on alleged improper obtaining of PPC's trade secrets and "Confidential Information," falls squarely within PPC's pleaded trade secret claim. In fact, in its pleading PPC defines "Confidential Information" as all information that "constitutes a trade secret protected by Chapter 134A of the Texas Civil Practice and Remedies Code (the 'Texas Uniform Trade Secret Act' or 'TUTSA')." (Dkt. #73, ¶ 76). Because PPC has failed to plead unfair competition that arises out of any facts other than trade secrets, TUTSA preempts PPC's unfair competition claim. *Compare, AMID, Inc. v. Medic Alert Found. United States, Inc.*, 241 F. Supp. 3d 788, 827 (S.D. Tex. 2017) (denying dismissal of unfair competition claim based on TUTSA preemption, holding, "The difference is that in its common-law unfair-competition claim, AMID did not allege that the information was protected as trade secrets."). Accordingly, this Court should grant Movants summary judgment as to PPC's unfair competition claim.

### 5. Summary judgment is appropriate as to PPC's breach of fiduciary duty claim, because it is preempted by TUTSA

PPC asserts a breach of fiduciary duty claim against Movant Justin Manley. (Dkt. #73, pp. 23-24). PPC alleges:

> 85. Defendant J. Manley breached his fiduciary duties to PPC by, among other things, *using his access to PPC's trade secrets, confidential, and proprietary information for his own personal gain and for the gain of Sigma*; failing to act primarily for the benefit of PPC in matters connected with his agency and employment *by taking and misappropriating PPC's trade secrets, confidential, and proprietary information;* and failing to deal openly and to fully disclose to PPC information about matters affecting PPC, including, for example, his plan—and ultimate execution of their plan—*to secretly take PPC's trade secrets, confidential, and proprietary information to use in competition with PPC*, despite J. Manley's obligations and duties owed to PPC as its Director of Sales and Marketing and as a participant in its Product Development Team.

(Dkt. #73, ¶ 85) (emphasis added). Such claim is preempted by TUTSA.

Texas courts have recognized TUTSA's preemption provision encompasses "all claims based on the alleged improper taking of confidential business information. Without more, a breach of fiduciary duty claim cannot proceed." *Embarcadero Techs,* 2018 WL 315753, at *3 (holding "a breach of fiduciary claim based only on the improper taking of confidential information is preempted by TUTSA"); *Super Starr*, 531 S.W.3d at 843 (same).

PPC's allegations deal with the type of claim contemplated by TUTSA's exclusive remedy provision.  PPC's breach of fiduciary duty claim is based upon the allegation that Justin Manley was privy to confidential and trade secret information and allegedly used that information improperly in connection with a "competing" company.  Such claim stems from the same alleged harm—taking of PPC's alleged trade secrets and confidential information. *Embarcadero*, 2018 WL 315753, at *3; *Super Starr*, 531 S.W.3d at 843.  Accordingly, TUTSA provides the exclusive remedy for PPC's claims.  TEX. CIV. PRAC. & REM. CODE § 134A.007 (Vernon 2013).  For these reasons, this Court should grant summary judgment as to PPC's cause of action for breach of fiduciary duty against Justin Manley.

    **C.**    *Alternatively, this Court should grant summary judgment as to PPC's causes of action for conversion, civil theft, and unfair competition, because such claims are preempted by the Federal Copyright Act*

Without waiving its challenges to PPC's failure to raise any claims against Defendants to which the Federal Copyright Act applies, Movants assert summary judgment is proper as to PPC's claims for civil theft, conversion, and unfair competition, based on federal preemption.

    **1.**    **Federal law preempts conflicting state law claims**

The Supremacy Clause of the United States Constitution requires federal law to be applied in situations where federal law and state law conflict. U.S. CONST. art. VI, cl. 2.  The Federal Copyright Act of 1976 protects "original works of authorship fixed in a tangible medium

of expression," and preempts state protection of work that falls within the subject matter of copyright protection, regardless of whether the works are actually protected under the Copyright Act. *See* 17 U.S.C. §§ 102, 301; *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 656 (5th Cir. 2017), c*ert. denied*, 137 S. Ct. 2266, 198 L. Ed. 2d 699 (2017).

The Copyright Act expressly preempts state common law with respect to protection of works that fall within the subject matter of copyright, regardless whether the works are actually afforded protection under the Copyright Act. 17 U.S.C.A. § 301(a); *Ultraflo*, 845 F.3d at 656. The Copyright Act preempts more than it protects. *Id*. Specifically, Section 301(a) "preempts state protection of works that fall within the subject matter (that is, the scope) of copyright, regardless whether the works are actually afforded protection under the Copyright Act." *Id.* (citing *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 596–96 (5th Cir. 2015)); *see also United States ex rel. Berge v. Bd. of Trustees of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997) ("[S]cope and protection are not synonyms.... [T]he shadow actually cast by the Act's preemption is notably broader than the wing of its protection."). That means the Copyright Act can preempt a state law claim even if the intellectual property lands in one of Section 102(b)'s exclusions. *Ultraflo*, 845 F.3d at 656; *Motion Med.*, 875 F.3d at 773-774.

Determining whether a preemption-inducing conflict exists between the Federal Copyright Act and state law requires a two-pronged analysis: (1) "whether the intellectual property at issue is within the subject matter of copyright," and (2) whether the state law claim "protects rights in that property that are equivalent to any of the exclusive rights within the general scope of copyright. *See Motion Med. Techs., L.L.C. v. ThermoTek, Inc.*, 875 F.3d 765, 773 (5th Cir. 2017) (citing *Ultraflo*, 845 F.3d at 656). The second prong is resolved by determining if the state law at issue protects an "equivalent" type of property rights which are

protected by the Copyright Act. If the elements of the state law claim are not "qualitatively different" from a federal copyright claim, the state law claim is preempted. *Ultraflow*, 845 F.3d at 658; *Motion Med.*, 875 F.3d at 773. Here, the Court should determine whether the subject matter of PPC's claimed copyrightable material (the "provisional and permanent patent applications," "inventions disclosure documents," the "CFC Kit, the Acoustic Assassin, and...any other such intellectual property relating thereto") protects rights that are "equivalent to any of the exclusive rights within the general scope of copyright." *Ultraflo*, 845 F.3d at 656.

### 3. PPC claims the intellectual property at issue is within the "subject matter" of copyright, satisfying the first preemption test element

In its live pleading, PPC cites the work made for hire doctrine (17 U.S.C. § 201(b) and alleges PPC is the owner of invention disclosure documents for provisional and permanent patent applications, as well as "the Patent Applications, CFC Kits, the Acoustic Assassin, and/or any such other products derived from these products at all, or any intellectual property relating thereto [to the extent Defendants J. Manley, A. Manley, and/or W. Garfield developed such] while they were employees within the scope of their employment with PPC." (Dkt. #73, ¶¶ 60-66). Movants continue to assert that PPC has no claims recognized under federal copyright law, for the reasons stated in Movants' previously-filed dismissal motion (Dkt. #14). Without waiving such arguments and assuming PPC has pleaded a valid copyright claim, PPC's pleadings with respect to such claim preempts PPC's claims for civil theft, conversion, and unfair competition, as such claims are directly related to the same intellectual property rights at issue in PPC's copyright claim.

### 4. PPC's theft claim under Texas law is not qualitatively different from a copyright law claim, satisfying the second preemption test element

In *Spear Marketing*, the Fifth Circuit determined a Texas Theft Liability Act claim involving the alleged theft and reproduction of confidential information was preempted by the Federal Copyright Act. 791 F.3d at 598. The Fifth Circuit held the plaintiff's theft allegations fell squarely within the province of the Federal Copyright Act regardless of any additional elements under Texas law not necessary for a copyright claim. *Spear*, 791 F.3d at 598. Similarly, the Southern District of Texas held the claim of an oilfield contractor against its former employees and their new employer alleging violations of Texas Theft Liability Act was preempted by Copyright Act as to theft of trade secrets that fell within subject matter of copyright, including tool designs and drawings. *M-I LLC v. Stelly*, 733 F. Supp. 2d 759 (S.D. Tex. 2010).

Here, PPC's allegations of damages recoverable as to information protected by copyright under Texas civil theft law are no different than damages recoverable under the Federal Copyright Act. Accordingly, preemption applies and this Court should grant Movants summary judgment as to PPC's theft claim.

### 5. PPC's conversion claim under Texas law is not qualitatively different from a copyright law claim, satisfying the second preemption test element as to such claim

The Fifth Circuit has held "claims for conversion of intangible property are preempted." *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 709 (5th Cir. 2012); *Spear Marketing*, 791 F.3d at 597-598. Here, PPC's claim for conversion of Confidential Information allegedly subject to copyright does not implicate protections beyond those under the Copyright Act. (Dkt. #73, pp. 25-26). For these reasons, federal preemption applies and this Court should grant Movants summary judgment as to PPC's conversion claim.

### 6. PPC's unfair competition claim under Texas law is not qualitatively different from a copyright law claim, satisfying the second preemption test element as to such claim

The Fifth Circuit has "held that Texas's unfair-competition-by-misappropriation tort does not afford protection qualitatively different from federal copyright law." *Motion Med.*, 875 F.3d at 775; *see also Ultraflo*, 845 F.3d at 657–59 (holding Copyright Act preempted a Texas unfair-competition-by-misappropriation claim); *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787-789 (5th Cir. 1999). In *Motion Med.*, the plaintiff attempted to avoid preemption by arguing that its unfair competition claim required more than a federal copyright claim—the "use" of the Plaintiff's property "in competition" with Plaintiff. 875 F.3d at 775-776. The *Motion Medical* court held this allegedly extra requirement amounted to a "distinction without a difference," as proving the "extra" and "in competition" elements of the Texas state law claim would also satisfy the factual copying element of a copyright claim. *Id.* On that basis, the *Motion Medical* court held the state unfair competition claim was preempted. *Id.*

Here, PPC's unfair competition claim includes allegations that Movants misappropriated confidential information, including information subject to copyright, damaging PPC by obtaining an unlawful advantage by the use of such information. (Dkt. #73, ¶ 98). Thus, PPC's unfair claim does not provide a remedy qualitatively different from federal copyright law." *Motion Med.*, 875 F.3d at 775. For these reasons, preemption applies and this Court should grant Movants summary judgment as to PPC's unfair competition claim.

### D. *Alternatively, this Court should grant summary judgment as to PPC's causes of action for conversion, civil theft, and unfair competition, because such claims are preempted by the Federal Patent Act*

As recognized by the Fifth Circuit, the U.S. Supreme Court has stated that "[s]tate regulation of intellectual property...'must yield to the extent it clashes' with the purpose of

Federal patent law." *Motion Med.*, 875 F.3d at 777 (citing *Bonito Boats v. Thunder Craft Boats, Inc*., 489 U.S. 141, 150-51 (1989)) (stating federal patent preemption issues requires a court to consider "whether [state] law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."). The purpose of the federal patent-protection scheme is to incentivize innovative methods and products by granting patent applicants "the right to exclude others from making, using, or selling the invention" for a specific period of time. *Bonito Boats*, 489 U.S. at 150 (*citing* 35 U.S.C. § 154). Generally, state law which aims to protect the functional aspects of products placed in public commerce absent the protection of a valid patent is preempted by federal patent law. *Id.* Consequently, state laws which "offer patent-like protection to intellectual creations which would otherwise remain unprotected as a matter of federal law" are preempted by the Patent Act. *Bonito Boats*, 489 U.S. at 156.

To the extent Plaintiff's theft, conversion, and unfair competition claims seek patent-like protection of the functional aspects of their alleged intellectual property, their claims are preempted by Federal patent law. Patent law's primary purposes are to: (1) "to foster and reward invention"; (2) to "promote disclosure of inventions, to stimulate further innovation and permit the public to practice the invention once the patent expires; and (3) to assure that ideas in the public domain remain there for the free use of the public." *Aronson v. Quick Point Pencil Co*., 440 U.S. 257, 262, 99 S.Ct. 1096, 59 L.Ed.2d 296 (1979).

The U.S. Supreme Court held laws aimed at protecting "the functional aspects of a product which [have] been placed in public commerce absent the protection of a valid patent," however, would likely obstruct Congress's goals by "offer[ing] patent-like protection to intellectual creations which would otherwise remain unprotected as a matter of federal law." *Bonito Boats*, 489 U.S. at 156. In *Motion Medical*, the Fifth Circuit held unfair

competition by misappropriation as to the functional aspects of the product, as distinguished from the copying of non-functional aspects, which could create deceit or confusion in the marketplace. 875 F.3d at 777-778.

In exchange for public disclosure, an inventor enjoys the right to make, license, and exclude others from the patented invention. Here, PPC seeks ownership of the *unregistered copyright* associated with Manley's patent applications in what appears to be an attempt to circumvent patent preemption. This frustrates the purposes of federal patent law by allowing PPC to seek patent-like protection without disclosing any information for public use and without investing any time, effort, or innovation. See *Motion Med.*, 875 F.3d at 777-78. This becomes more clear where, as here, the product the subject of this case was granted patent US 9,845,795 B2, and Manley has applied for another patent on another of his innovations. (*See* Ex. A; Ex. B). Accordingly, PPC's theft, conversion, and unfair competition claims are preempted by the Federal Patent Act, and this Court should grant summary judgment on that basis.

## IV. Request for relief

Defendants Sigma Drilling Technologies, LLC, Intrepid Consulting, LLC, Justin Manley, Allison Manley, and William Garfield respectfully request: the Court grant summary judgment as to Plaintiff's common-law breach of fiduciary duty claim against Justin Manley (Count 6), Plaintiff's common-law civil theft claim against Justin Manley, Allison Manley, William Garfield, Sigma, and Intrepid (Count 7), Plaintiff's common-law conversion claim against Justin Manley, William Garfield, Sigma, and Intrepid (Count 8), and Plaintiff's common-law unfair competition claim against Justin Manley, William Garfield, Sigma, and Intrepid (Count 9); and general relief.

Respectfully submitted,

/s/   *Gregory N. Ziegler*
**Gregory N. Ziegler**
Texas Bar No. 00791985
GZiegler@macdonalddevin.com
**William I. Gardner**
Texas Bar No. 24053219
BGardner@macdonalddevin.com
**J. Robert Skeels**
Texas Bar No. 24048802
RSkeels@macdonalddevin.com
**MACDONALD DEVIN, P.C.**
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
214.744.3300 (Telephone)
214.747.0942 (Facsimile)

**Clyde M. Siebman**
Texas Bar No. 18341600
clydesiebman@siebman.com
**Elizabeth S. Forrest**
Texas Bar No. 24086207
elizabethforrest@siebman.com
**SIEBMAN, FORREST, BURG & SMITH, LLP**
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
(903) 870-0070 (Telephone)
(903) 870-0066 (Telecopy)

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2018 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/   *Gregory N. Ziegler*
**Gregory N. Ziegler**