IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00450 |
| SIGMA DRILLING TECHNOLOGIES, LLC, ET AL. | § § § | JURY |
| Defendants. | § § | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT PAMELA GOEHRING-GARFIELD WITHOUT PREJUDICE AND BRIEF IN SUPPORT**

**JOHN T. PALTER**
State Bar No. 15441500
jpalter@palterlaw.com
**KIMBERLY M. J. SIMS**
State Bar No. 24046167
ksims@palterlaw.com
**NATHANIAL L. MARTINEZ**
State Bar No. 24074661
nmartinez@palterlaw.com

**PALTER SIMS MARTINEZ PLLC**
Preston Commons – East
8115 Preston Road, Suite 600
Dallas, TX 75225
Tel.: (214) 888-3111
Fax: (214) 888-3109

**ATTORNEYS FOR PERFORMANCE PULSATION CONTROL, INC.**

TO THE HONORABLE DISTRICT JUDGE AMOS L. MAZZANT, III:

COMES NOW Plaintiff Performance Pulsation Control, Inc. ("PPC") and, pursuant to FED. R. CIV. P. 41(a)(2) moves this Court to dismiss without prejudice all claims filed by PPC against Defendant Pamela Goehring-Garfield ("P. Garfield") and would respectfully show the Court as follows:

## I. ARGUMENT AND AUTHORITIES

In Federal Court, a Plaintiff has an absolute right to dismiss its case without prejudice any time before Defendant answers or files a motion for summary judgment.[1] However, if Defendant has answered, both parties, upon a stipulated agreement, may nevertheless dismiss the claim voluntarily and without prejudice.[2] If Defendant is opposed to a stipulated agreement to voluntarily dismiss Plaintiff's claim, Plaintiff can move to dismiss the suit only by Court order.[3]

Federal Rules of Civil Procedure 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party."[4] While the ability to grant a dismissal is at the discretion of the Judge, "generally, a district court should grant a motion for voluntary dismissal unless the defendants can show they will suffer some plain legal prejudice as a result."[5] Courts have held that plain legal prejudice does not result because the Plaintiff may gain some tactical advantage, nor does it result just because a Defendant may have to defend a second lawsuit.[6] However, Courts have found prejudice where Defendants have lost some viable legal claim or significant time, effort, and expense.[7]

---

[1] FED. R. CIV. P. 41(a)(1)(A)(i).
[2] FED. R. CIV. P. 41(a)(1)(A)(ii).
[3] FED. R. CIV. P. 41(a)(2); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990).
[4] *Id.*
[5] *See Phillips v. Illinois Cent. Gull R.R.*, 874 F.2d 984, 986 (5th Cir. 1989); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).
[6] *Manshack*, 915 F.2d at 174; *Glascock v. Prime Care Seven, L.L.C.*, 2008 U.S. Dist. Lexis 50936.
[7] *United States ex rel. Mathews v. Healthsouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003); *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

The Fifth Circuit also takes note of the time and point in litigation when Plaintiff files their motion to dismiss.[8] Factors courts may consider include: (1) if the suit is still in pretrial status; (2) whether parties have filed numerous pleadings and memoranda; (3) whether the parties have attended conferences; (4) if there are prior court determinations adverse to plaintiff's position; (5) whether hearings have been held; (6) if any defendants have been dismissed on summary judgment; (7) whether the parties have undertaken significant discovery.[9]

Plaintiff acknowledges it is barred from an absolute right to voluntarily dismiss its claims against P. Garfield under FED. R. CIV. P. 41(a)(1)(A)(i) because P. Garfield has already answered to the suit. Further, it appears based on the communications in this matter that P. Garfield and other Defendants are opposed to a stipulated dismissal under FED. R. CIV. P. 41(a)(1)(A)(ii). Because it appears that Plaintiff is barred from voluntary dismissal without court order, Plaintiff requests this Court dismiss its claims against P. Garfield without prejudice under FED. R. CIV. P. 41(a)(2).

Specifically, Plaintiff seeks to dismiss its claims against the wife of one of the principal Defendants, William Garfield ("W. Garfield"). From the outset, it was understood by all of the parties (and this Court) that P. Garfield was only named as a Defendant in order to reach potential community property that may have been transferred by W. Garfield to avoid an adverse judgment.[10] Indeed, there is nothing in the record that shows that P. Garfield has had to gather any discovery, to provide any documents, to brief any arguments (other than those joined by other Defendants), or to even sit for deposition in this matter. Accordingly, there is no prejudice to P. Garfield to dismiss the claims against her at this time. Regarding the above-listed factors this Court must consider, it is evident that

---

[8] *See Glasscock*, 2008 U.S. Dist. Lexis 50936 at *4-5.
[9] *Id.*
[10] *See* Dkt. 1 at 3, n.2 ("P. Garfield is the spouse of W. Garfield and is a Defendant in this Action to the extent that she maintains ownership to community property which is the subject of this Action."); see also Dkt. 46 at 1, n.2 ("P. Garfield is W. Garfield's spouse and is a Defendant in this action to the extent that she maintains ownership in community property which is subject to this action.").

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT PAMELA
GOEHRING-GARFIELD WITHOUT PREJUDICE AND BRIEF IN SUPPORT**                     **Page 2**

Defendant would not suffer plain legal harm due to Plaintiff's dismissal because: (1) the suit is still in pre-trial status; (2) P. Garfield has not filed numerous pleadings or motions; (3) P. Garfield herself has not attended any conferences; (4) there are no prior court determinations adverse to Plaintiff; (5) no defendants have been dismissed on summary judgement grounds; and (6) only minimal discovery from P. Garfield has been undertaken. Further, the prospect of a second lawsuit is not enough to show plain legal harm.[11] It is fair to assume that Defendant P. Garfield has not incurred unreasonable costs at the present stage of litigation. Indeed, it is likely that any and all costs incurred by Defendants W. Garfield and P. Garfield have been covered by J. Manley and Sigma.

## II.    CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff PPC respectfully requests that the Court grant this Motion and enter an Order of Dismissal with Prejudice all of Plaintiff's claims against Defendant Pamela Goehring-Garfield.

---

[11] *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) ("the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss").

Respectfully submitted,

*/s/ Nathanial L. Martinez*

---

**JOHN T. PALTER**
State Bar No. 15441500
jpalter@palterlaw.com
**KIMBERLY M. J. SIMS**
State Bar No. 24046167
ksims@palterlaw.com
**NATHANIAL L. MARTINEZ**
State Bar No. 24074661
nmartinez@palterlaw.com

**PALTER SIMS MARTINEZ PLLC**
Preston Commons – East
8115 Preston Road, Suite 600
Dallas, TX 75225
Tel.: (214) 888-3111
Fax: (214) 888-3109

**ATTORNEYS FOR PLAINTIFF PERFORMANCE PULSATION CONTROL, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and (2). The personal conference required by this rule was attempted in good faith on the morning of November 29, 2018 by the undersigned counsel via email to counsel for Defendants, Rob Skeels and Greg Ziegler. By that email, the undersigned counsel requested that Defendants' counsel advise whether they would agree to a stipulated dismissal of claims against P. Garfield. Although counsel for Defendants promptly replied to communications from the undersigned on other unrelated matters, counsel for Defendants inexplicably did not respond to the request for a conference on this Motion. Therefore, this Motion is hereby submitted to the Court as OPPOSED.

*/s/ Nathanial L. Martinez*

---

**NATHANIAL L. MARTINEZ**

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing was served upon the following counsel of record on the 29th day of November 2018, pursuant to the Federal and Local Rules of Procedure as follows:

**VIA E-MAIL:**
GZiegler@MacdonaldDevin.com
BGardner@macdonalddevin.com
RSkeels@macdonalddevin.com
DKammerlocher@macdonalddevin.com
Gregory N. Ziegler
Bill Gardner
Rob Skeels
Derek Kammerlocher
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130

       */s/ Nathanial L. Martinez*
       _____
       **NATHANIAL L. MARTINEZ**