UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **PERFORMANCE PULSATION CONTROL, INC.** § § § § | | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| **SIGMA DRILLING TECHNOLOGIES, LLC; INTREPID CONSULTING, LLC; JUSTIN MANLEY; ALLISON MANLEY; WILLIAM GARFIELD; PAMELA GOEHRING-GARFIELD; and ADVANCED RUPTURE DISK TECHNOLOGY, INC.** | § § § § § § § § | **CASE NO. 4:17-cv-00450-ALM** |
| *Defendants*. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO PLAINTIFF'S PREEMPTED CLAIMS**

Defendants Sigma Drilling Technologies, LLC ("Sigma"), Intrepid Consulting, LLC ("Intrepid"), Justin Manley, Allison Manley, William Garfield, and Pamela Goehring-Garfield (collectively, Movants) provide further briefing in support of their motion for partial summary judgment as to four of Plaintiff's common law claims based on statutory preemption, and show:

**I.    Introduction to the reply**

Movants argue the Texas Uniform Trade Secrets Act ("TUTSA") claims alleged by Plaintiff Performance Pulsation Control, Inc. ("PPC") preempt PPC's claims against Movants for civil theft, conversion, unfair competition, and breach of fiduciary duty. Movants also assert summary judgment is proper as to certain state-law claims because they are pre-empted by the federal Copyright Act and Patent Act. PPC filed a response containing 107 footnotes and referring to 410 pages of exhibits, in an apparent attempt to create a fact issue with respect to questions of law regarding statutory preemption. Movants adopt by reference and incorporate

their objections to PPC's factual assertions contained in their response to PPC's summary judgment motion. (Dkt. #252).

## II.   Objections to PPC's summary judgment evidence

PPC attached to its Response as summary judgment evidence the *Declaration of John Rogers*. Defendants object to such Declaration as follows: ¶6, 7-Not based upon personal knowledge; ¶¶10, 11-Conclusory, speculative, not based upon personal knowledge; contrary to declarant's testimony; ¶12-Defendants object to Rogers' statement that Justin Manley was in the course and scope of his employment with PPC, as this is a legal conclusion, and invades the province of the jury to determine;  ¶13-Defendants object to Rogers' statement regarding the "skills, knowledge, and resources" used to create the Acoustic Assassin, as such statement lacks foundation, is conclusory, speculative, and not based upon personal knowledge; ¶14-Defendants object as conclusory and directly contrary to PPC's expert's opinion and PPC's judicial admission that the CFC Kit does not compete with a steel vessel.  (See, Dkt. #231, ¶¶ 23-28); ¶16-Defendants object to Rogers' statement regarding alleged agreements with employees, as such statements are legal conclusions;  ¶15 - Conclusory, speculative, not based upon personal knowledge, contradicted by ¶ 16; ¶ 16 – Conclusory, improper legal conclusion the subject of pending motions, contrary to testimony, contradicted by ¶15; ¶17-Defendants object to Rogers' opinions regarding economic value, as there is no foundation for such opinions and he has not been qualified as an expert. Contradicted by testimony. (*See*, Dkt. # 252); ¶18-Defendants object to Rogers' opinions regarding claimed damages, as there is no foundation for such opinions and he has not been qualified as an expert.  Defendant also objects because Rogers' opinion is contradicted by his own sworn testimony.

## IV.   Reply argument and authorities

___

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO PLAINTIFF'S PREEMPTED CLAIMS - Page 2**                                                   1598455.1   2530.1

A.  **TUTSA Pre-Emption – Fiduciary Duty.**  PPC's live complaint pleads and PPC confirms in its response that the alleged breach of fiduciary duty is based exclusively upon the theft of confidential or trade secret information. (Response at 14). In its response, PPC makes two basic contentions it asserts should be considered distinct from the taking of confidential business information, and thereby avoiding preemption.

> **1) PPC contends that it has not been established that the alleged misappropriation was a "trade secret," as opposed to only "confidential information" and, therefore, TUTSA preemption is inapplicable."[1]**

Any difference between a "trade secret" and "confidential business information" is a distinction without a difference in the context of TUTSA pre-emption. Early this year, the Western District of Texas considered this very question. "Plaintiffs contend that a breach of fiduciary duty claim is not preempted by TUTSA when it alleges the improper taking of confidential information that does not qualify as a trade secret." *Embarcadero Techs., Inc. v. Redgate Software, Inc.,* No. 1:17-CV-444-RP, 2018 WL 315753, at *2 (W.D. Tex. Jan. 5, 2018). "After reviewing the reasoning in *Super Starr* and that of various other courts across the country applying Uniform Trade Secrets Act preemption, the Court finds that TUTSA's preemption provision encompasses all claims based on the alleged improper taking of confidential business information." *Id.*

> **2) "J. Manley used his position to usurp opportunities from PPC, to solicit PPC's vendors, and to market his competing product;"[2]**

PPC cites no evidence in support of its contention that Manley used his position to "usurp opportunities from PPC" to "market a competing product." Without regard to the evidence, PPC maintains that this information too is a trade secret. "PPC took action to maintain the

---

[1] "In addition, unless it can be clearly discerned that the information misappropriated by Defendants constitutes a trade secret, the court should not dismiss alternative theories of relief as preempted by the TUTSA." (Response at 9).
[2] (Response at 10)

---

confidentiality of its proprietary trade secret information, including the identity of its customers and vendors." (Dkt. #73, ¶ 43). PPC's reliance on *Trueblue, Inc. v. DeRuby* is misplaced and does not support PPC's argument. *Trueblue* was decided in the Motion to Dismiss context. *Trueblue, Inc. v. DeRuby*, No. 3:18-CV-0192-M, 2018 WL 1784523 (N.D. Tex. Apr. 13, 2018). Here, allegations are insufficient and PPC cites no evidence that could support that Manley "[acted] for the employee's future interest at the expense of the employer by a course of conduct designed to hurt the employer." *Id.* at *2. Further, PPC's allegations themselves explicitly limit themselves to theft of confidential business information, specifically including the use of vendors and customers. (Dkt. #73, ¶ 43). This claim is one based exclusively on the misappropriation of confidential business information or trade secrets, both of which require preemption. "Under Texas law, an at-will employee may properly plan to go into competition with his employer and may take active steps to do so while still employed. *Such an employee has no general duty to disclose his plans to his employer. Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 284 (5th Cir. 2007). (emphasis added, internal citations omitted).

### B.  Copyright preemption

PPC devotes a large portion of its response arguing that the Copyright Act does not pre-empt its claims of breach of fiduciary duty and claims brought pursuant to TUTSA. Because Defendants have not suggested that Copyright pre-empts TUTSA or breach of fiduciary duty, it will not respond. PPC failed to address the remainder of the pre-empted claims: conversion, civil theft, and unfair competition. Lacking a response, PPC's claims for conversion, civil theft, and unfair competition should be dismissed as preempted by the Copyright Act and the Patent Act.

### C.  Misappropriation of trade secret claims

PPC argues TUTSA does not preempt its common-law misappropriation of trade secret claims because TUTSA became effective on September 1, 2013, and any preemptive effect does not apply to alleged acts of misappropriation that occurred before such date. (Dkt. #243, pp. 7-9). PPC does not dispute that TUTSA preempts any alleged acts of misappropriation that occurred *after* such date. Accordingly, summary judgment is proper as to all such claims. Further, PPC implies, but failed to raise a genuine issue of material fact as to any alleged acts of misappropriation that occurred *before* such date. Thus, summary judgment is appropriate.

### D. Conversion and theft claims

PPC argues its conversion and theft claims are "not solely based upon the taking of trade secrets." (Dkt. #243, p.9). PPC does not dispute that its claims based on alleged taking of trade secrets are preempted by TUTSA. Accordingly, summary judgment is proper as to such claims. PPC merely claims there must be theft of some tangible resource without identifying any specific resource. Merely making the allegation does not raise a triable issue for a jury. Further, PPC makes no contention and cites no evidence with regard to William Garfield, Alison Manley Sigma, or Intrepid. For these reasons, summary judgment is appropriate as to such claims.

## IV. Request for relief

Defendants Sigma Drilling Technologies, LLC, Intrepid Consulting, LLC, Justin Manley, Allison Manley, and William Garfield respectfully request: the Court grant summary judgment as to PPC's common-law breach of fiduciary duty claim against Justin Manley (Count 6), PPC's common-law civil theft claim against Justin Manley, Allison Manley, William Garfield, Sigma, and Intrepid (Count 7), PPC's common-law conversion claim against Justin Manley, William Garfield, Sigma, and Intrepid (Count 8), and PPC's common-law unfair competition claim against Justin Manley, William Garfield, Sigma, and Intrepid (Count 9); and general relief.

Respectfully submitted,

| | |
|---|---|
| /s/   *Gregory N. Ziegler*  | |
| **Gregory N. Ziegler** | **Clyde M. Siebman** |
| Texas Bar No. 00791985 | Texas Bar No. 18341600 |
| GZiegler@macdonalddevin.com | clydesiebman@siebman.com |
| **William I. Gardner** | **Elizabeth S. Forrest** |
| Texas Bar No. 24053219 | Texas Bar No. 24086207 |
| BGardner@macdonalddevin.com | elizabethforrest@siebman.com |
| **J. Robert Skeels** | **SIEBMAN, FORREST, BURG & SMITH, LLP** |
| Texas Bar No. 24048802 | Federal Courthouse Square |
| RSkeels@macdonalddevin.com | 300 N. Travis Street |
| **MACDONALD DEVIN, P.C.** | Sherman, Texas 75090 |
| 3800 Renaissance Tower | (903) 870-0070 (Telephone) |
| 1201 Elm Street | (903) 870-0066 (Telecopy) |
| Dallas, Texas 75270 | |
| 214.744.3300 (Telephone) | **Attorneys for Defendants** |
| 214.747.0942 (Facsimile) | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018 the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

/s/   *Gregory N. Ziegler*  
**Gregory N. Ziegler**

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S PREEMPTED CLAIMS  -  Page 6**

1598455.1  2530.1