# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC. | § § § § § § § § § § § § | Civil Action No. 4:17-CV-00450<br>Judge Mazzant |
| v. | | |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, and PAMELA GOEHRING–GARFIELD | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Performance Pulsation Control, Inc.'s ("PPC") Motion to Compel Defendants to Produce Items Withheld Pursuant to Trade Secret Privilege (Dkt. #195). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

This case involves PPC's allegations that Justin Manley ("J. Manley"), a former employee, formed a competing company, Sigma Drilling Technologies, LLC ("Sigma"), to market and sell pulsation control products that he developed within the course of his employment with PPC. Specifically, PPC claims that J. Manley misappropriated PPC's trade secrets and confidential information while acting as the Director of Sales and Marketing for PPC. As a result, PPC filed suit seeking declaration that it is the owner of such intellectual property, as well as injunctive relief and monetary damages for breach of contract, breach of fiduciary duty, misappropriation, and unfair competition.

This case has a long discovery dispute history, resulting in several telephone conferences and orders from the Court regarding discovery matters. By way of the discovery rules of the Eastern District of Texas and the Court's Orders, Defendants have produced several emails; however, Defendants have withheld nine email attachments from the emails that have been produced. The Court held a discovery dispute hearing on this, and other matters, on September 5, 2018 and September 11, 2018. The Court ordered briefing on this matter and also ordered the attachments to be submitted for *in camera* review. On September 17, 2018, PPC filed its Motion to Compel (Dkt. #195). On September 20, 2018, Defendants filed their response (Dkt. #196). Defendants also submitted the documents for *in camera* review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #40 at pp. 3–4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United*

*States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

PPC requests the Court to compel the production of the nine email attachments[1] that Defendants withheld, arguing that the attachments are relevant and that they can be protected under the Court's protective order with an "Attorney's Eyes Only" declaration. Defendants respond that the documents are not relevant to PPC's claims and are protected trade secrets.

As the emails to which the documents were attached have already been produced pursuant to the Eastern District of Texas's discovery rules and Court orders, the Court finds production of such information and documents warranted. As the Court has previously noted, if Defendants are concerned about the preservation of such information, the Court reminds Defendants that it can produce information subject to the Court's protective order:

> 'ATTORNEY EYES ONLY' material may be disclosed only to the categories of persons and under the conditions described in this agreement. 'ATTORNEY EYES ONLY' material must be stored and maintained by a receiving Involved Person at a location and in a manner that ensures that access is limited to the persons authorized under this agreement.

---

[1] PPC also requests, in its conclusion, that the Court order the production of any other document that is being withheld on the basis of trade secret privilege. However, this motion is concerned with the nine email attachments and this is what was submitted to the Court for review. As such, the Court will only rule on the request to produce the nine email attachments.

Confidential Treatment.  Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided in Paragraph (7)(b)–(c).

(Dkt. #50 at ¶¶ 7(a), 9). Additionally, Defendants maintain the option to redact documents in order to protect any alleged trade secrets or confidential information, subject to providing a privilege log. Moreover, the Court reminds the parties that not everything that is discoverable is admissible during trial.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Performance Pulsation Control, Inc.'s Motion to Compel Defendants to Produce Items Withheld Pursuant to Trade Secret Privilege (Dkt. #195) is hereby **GRANTED**. As such, Defendants shall produce the nine email attachments within fourteen (14) days of the date of this Order.

**SIGNED this 22nd day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE