| | |
|---|---|
| PERFORMANCE PULSATION CONTROL, INC., § § § § v. § § SIGMA DRILLING TECHNOLOGIES, § LLC, INTREPID CONSULTING, LLC, § JUSTIN MANLEY, ALLISON MANLEY, § WILLIAM GARFIELD, ADVANCE § RUPTURE DISK TECHNOLOGY, INC., § § | Civil Action No. 4:17-CV-00450 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Partial Summary Judgment as to Plaintiff's Preempted Claims (Dkt. #224). After reviewing the relevant pleadings and motion, the Court finds motion should be denied.

## BACKGROUND

It is alleged that Defendant Justin Manley ("J. Manley), while working for Plaintiff Performance Pulsation Control, Inc. ("PPC"), formed competing companies Defendants Sigma Drilling Technologies, ("Sigma") and Intrepid Consulting, LLC ("Intrepid") listing the principal office of both as his and Defendant, and former PPC employee, Alison Manley's ("A. Manley") home address. PPC maintains that while employed with PPC, J. Manley, A. Manley, and another former employee, Defendant William Garfield ("Garfield")[1] began using PPC's confidential information and alleged trade secrets to the benefit of competing businesses and personal success, as opposed to for the benefit of PPC.

---

[1] Sigma, Intrepid, J. Manley, A. Manley, and Garfield will collectively be referred to as Moving Defendants. Pamela Goehring-Garfield initially joined in this motion for summary judgment; however, since the filing of this motion, the Court granted PPC's motion to dismiss its claims against Pamela Goehring-Garfield (Dkt. #305).

Based on this set of facts, PPC filed suit on June 27, 2017 for civil theft, conversion, unfair competition, and breach of fiduciary duty, among other causes of action (Dkt. #1; Dkt. #73). On November 6, 2018, the Moving Defendants filed the present partial motion for summary judgment as to these claims (Dkt. #224). PPC filed its response the motion on November 27, 2018 (Dkt. #243). Moving Defendants filed their reply on December 6, 2018 (Dkt. #263). On December 11, 2018, PPC filed its sur-reply (Dkt. #275).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or

defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Moving Defendants move for partial summary judgment arguing that some of PPC's claims are preempted under either the Texas Uniform Trade Secret Act ("TUTSA"), or alternatively, the Federal Copyright Act or Federal Patent Act. The Court addresses each in turn.

### I. TUTSA Preemption

Moving Defendants argue that TUTSA preempts PPC's civil theft, conversion, unfair competition, and breach of fiduciary duty claims because these claims all arise out of PPC's misappropriation of trade secrets claims. PPC first responds that there is a fact issue as to whether

TUTSA applies in this case. PPC asserts that the Texas Legislature enacted TUTSA on September 1, 2013. According to PPC, J. Manley, A. Manley, and Garfield all worked for PPC prior to September 1, 2013, were privy to confidential information prior to September 1, 2013, and additionally J. Manley was in contact with a sales representative in the pulsation control industry, which was also used by PPC, prior to September 1, 2013.

After a careful review of the record and the arguments presented,[2] the Court is not convinced that Moving Defendants have met their burden demonstrating that there is no material issue of fact as to whether the misappropriation started prior to September 1, 2013. "[T]he legislative history of TUTSA states 'a misappropriation of a trade secret made before and a continuing misappropriation beginning before the effective date of this Act are governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.'" *Raybourne & Dean Consulting, Ltd. v. Metrica, Inc.*, No. SA-14-CA-918-OLG, 2015 WL 12866214, at *13 (W.D. Tex. Apr. 10, 2015), *report and recommendation adopted by*, 2015 WL 12867469 (W.D. Tex. May 7, 2015) (citation omitted). Thus, the Court is not convinced that Moving Defendants have met their burden demonstrating that there is no material issue of fact as to whether TUTSA applies to this case. Because there is a genuine issue of material fact, the jury must determine whether the misappropriation started before September 1, 2013. Only thereafter, if necessary, can the Court decide the preemption question. Accordingly, the Court finds that the motion should be denied on this ground, at this time.

## II.     Federal Copyright Act Preemption

Moving Defendants ask the Court to dismiss PPC's claims for civil theft, conversion, and unfair competition based on the Federal Copyright Act.

---

[2] Moving Defendants object to the Declaration of John Rogers. The Court was able to make its decision without considering the declaration and accordingly need not address the objections asserted by Moving Defendants.

The Supremacy Clause of the United States Constitution provides that federal law will trump conflicting state law. U.S. CONST., art. VI, cl. 2. In the Copyright Act, Congress explicitly preempted "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . and come within the subject matter of copyright." 17 U.S.C. § 301(a). Accordingly, in deciding whether a state law cause of action will be preempted by the Copyright Act, courts examine the claim to see if it satisfies both requirements given in the statute. *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir. 1995). "First, the claim is examined to determine whether it falls 'within the subject matter of copyright' as defined by 17 U.S.C. § 102." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (quoting *Daboub*, 42 F.3d at 289). Second, "the cause of action is examined to determine if it protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Id*.

"The party asserting federal preemption bears the burden of persuasion." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011) (citing *AT&T Corp. v. Pub. Util. Comm'n of Tex.*, 373 F.3d 641, 645 (5th Cir. 2004)). Moving Defendants continue to assert that PPC's claims do not fall into the subject matter of federal copyright law. Accordingly, Moving Defendants have failed to meet their burden on this element and the Court finds that motion should be denied as to this argument.

### III. Federal Patent Act Preemption

Moving Defendants ask the Court to dismiss PPC's claims for civil theft, conversion, and unfair competition based on the Federal Patent Act.

The purpose of preemption by federal patent law is to ensure that state law is not giving patent protection to unpatentable objects, thereby thwarting the purpose of federal patent law. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 153–57 (1989); *Water Servs., Inc.*

*v. Tesco Chems., Inc.*, 410 F.2d 163, 171 (5th Cir. 1969). However, here PPC does not attempt patent-like protection of unpatentable products or seek to prevent competitors from copying "a product on the open market by independent study." *Water Servs.*, 410 F.2d at 171. Instead, this is more akin to "a situation in which an employer hired an employee of a competitor to take advantage of the employee's expertise in reproducing a complicated system first developed by the former employer," which is not preempted by federal patent law. *Id.* PPC does not attempt to make their products "totally exclusionary," instead, seeks to protect their trade secrets "only as long as competitors fail to duplicate it by legitimate, independent research." *Id.* at 172.[3] Accordingly, the Court finds that PPC's claims for civil theft, conversion, and unfair competition are not preempted by the Federal Patent Act and the motion should be denied as to this ground.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Partial Summary Judgment as to Plaintiff's Preempted Claims (Dkt. #224) is hereby **DENIED**.

**SIGNED this 11th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges that PPC alleges that these claims are based on more than misappropriation of trade secrets, but the Court determines, without deciding if there are extra elements, even if it was purely based on misappropriation, federal patent law does not preempt these claims.