# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PERFORMANCE PULSATION CONTROL, INC., | § § § § | |
| v. | § § | Civil Action No. 4:17-CV-00450 |
| SIGMA DRILLING TECHNOLOGIES, LLC, INTREPID CONSULTING, LLC, JUSTIN MANLEY, ALLISON MANLEY, WILLIAM GARFIELD, ADVANCE RUPTURE DISK TECHNOLOGY, INC., | § § § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Summary Judgment of Peripheral Defendants Alison Manley, William Garfield, and Pamela Goehring-Garfield[1] ("Motion for Summary Judgment") (Dkt. #225), Peripheral Defendants' Motion for Leave to Supplement Motion for Final Summary Judgment ("Motion for Leave") (Dkt. #238), and Peripheral Defendants' Supplemental Brief in Support of Motion for Final Summary Judgment ("the Supplement") (Dkt. #239). After reviewing the relevant pleadings and motions, the Court finds the Motion for Leave should be granted and the Motion for Summary Judgment and the Supplement should be denied.

## BACKGROUND

It is alleged that Defendant Justin Manley ("J. Manley"), while working for Plaintiff Performance Pulsation Control, Inc. ("PPC"), formed competing companies Defendants Sigma Drilling Technologies, ("Sigma") and Intrepid Consulting, LLC ("Intrepid") listing the principal office of both as his and Defendant, and former PPC employee, Alison Manley's ("A. Manley")

---

[1] Pamela Goehring-Garfield initially joined in this motion for summary judgment; however, since the filing of this motion, the Court granted PPC's motion to dismiss its claims against Pamela Goehring-Garfield (Dkt. #305).

home address. PPC maintains that while employed with PPC, J. Manley, A. Manley, and another former employee, Defendant William Garfield ("Garfield") began using PPC's confidential information and alleged trade secrets to the benefit of competing businesses and personal success, as opposed to for the benefit of PPC.

Based on this set of facts, PPC filed suit on June 27, 2017 for misappropriation of trade secrets, civil theft, conversion, unfair competition, and declaratory relief against A. Manley and Garfield ("the Peripheral Defendants"), among other causes of actions and defendants (Dkt. #1; Dkt. #73). On November 12, 2018, the Peripheral Defendants filed the present motion for summary judgment as to the claims asserted against them (Dkt. #225). PPC filed its response the motion on November 29, 2018 (Dkt. #249). The Peripheral Defendants filed their reply on December 6, 2018 (Dkt. #264). On December 13, 2018, PPC filed its sur-reply (Dkt. #278).

Additionally, on November 27, 2018, the Peripheral Defendants filed a Motion for Leave to supplement their Motion for Summary Judgment (Dkt. #238) and their Supplement (Dkt. #239). PPC filed a response in opposition to the Motion for Leave on December 10, 2018 (Dkt. #274).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court

"must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion or summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)

## ANALYSIS

The Peripheral Defendants moved for summary judgment on the claims against them and subsequently requested leave to supplement the motion for summary judgment with additional evidence. Because the Court finds that even with the supplemental evidence there is a genuine issue of material fact, the Court grants the motion for leave. In their motion for summary judgment and the supplement, Peripheral Defendants move to dismiss all of PPC's claims against them. The Court addresses the claims in turn.

**I.  Trade Secret Misappropriation, Civil Theft, Conversion, Declaratory Relief for Trade Secret Ownership, and Declaratory Relief for Copyright Ownership Under a Works Made for Hire Theory and Derivative Works Theory**

After a careful review of the record[2] and the arguments presented, the Court is not convinced that the Peripheral Defendants have met their burden demonstrating that there is no material issue of fact as to PPC's claims for misappropriation of trade secrets, civil theft, conversion (against Garfield only),[3] declaratory relief for trade secret ownership, and declaratory relief for the copyright act under a works made for hire and derivative works theory entitling them to judgment as a matter of law. Accordingly, the Court finds that the motion as to these issues should be denied.

**II.  Unfair Competition**

The Peripheral Defendants argue that the Court should grant summary judgment on PPC's claim for unfair competition against Garfield arguing that unfair competition is not a recognized cause of action in Texas.

---

[2] PPC objects to evidence contained in the record presented by the Peripheral Defendants. However, because the Court decides in PPC's favor regardless of ruling on the objections, the Court overrules the objections.
[3] The Court notes that PPC did not clearly cite evidence in support of their civil theft and conversion claims; however, there was evidence in the record to support its claims.

A court in the Eastern District of Texas has previously described the cause of action of unfair competition:

> "Unfair competition under Texas law is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." To prove unfair competition under Texas law, the plaintiff must show that (1) the accused actually committed a recognized tort or illegal act, and that (2) the wrongful conduct interfered with the plaintiffs' ability to conduct its business.

*Mondis Tech. Ltd. v. LG Elecs. Inc.*, No. 2:07-CV-565, 2009 WL 901480, at *2 (E.D. Tex. Mar. 31, 2009) (quoting *Taylor Pubs. Co. v. Jostens, Inc.,* 216 F.3d 465, 486 (5th Cir.2000)) (citing *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.,* 494 F.2d 3, 14 (5th Cir.1974)). Accordingly, the Court is convinced that unfair competition is in fact a cause of action in Texas. After a careful review of the record and the arguments presented, the Court is not convinced that Garfield has met his burden demonstrating that there is no material issue of fact as to PPC's claim for unfair competition against Garfield entitling him to judgment as a matter of law. Accordingly, the Court finds that the motion as to this issue should be denied.

## CONCLUSION

It is therefore **ORDERED** that Motion for Summary Judgment of Peripheral Defendants Alison Manley, William Garfield, and Pamela Goehring-Garfield (Dkt. #225) is hereby **DENIED**, Peripheral Defendants' Motion for Leave to Supplement Motion for Final Summary Judgment (Dkt. #238) is hereby **GRANTED**, and Peripheral Defendants' Supplemental Brief in Support of Motion for Final Summary Judgment (Dkt. #239) is hereby **DENIED**.

**SIGNED this 11th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE