IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| PERFORMANCE PULSATION CONTROL, INC. | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:17-cv-00450 |
| SIGMA DRILLING TECHNOLOGIES, LLC, ET AL. | § | JURY |
| Defendants. | § | |

## AGREED MOTION TO DISMISS CASE WITH PREJUDICE AND BRIEF IN SUPPORT

TO THE HONORABLE DISTRICT JUDGE AMOS L. MAZZANT, III:

COMES NOW Plaintiff Performance Pulsation Control, Inc. ("PPC") and, pursuant to FED. R. CIV. P. 41(a)(2) moves this Court to dismiss with prejudice all claims filed by PPC against Defendants Justin Manley, William Garfield, Sigma Drilling Technologies, LLC, Allison Manley, and Intrepid Consulting, LLC (collectively, "Defendants") and would respectfully show the Court as follows:

### I.  ARGUMENT AND AUTHORITIES

In Federal Court, a Plaintiff has an absolute right to dismiss its case without prejudice any time before Defendant answers or files a motion for summary judgment.[1] However, if Defendant has answered, both parties, upon a stipulated agreement, may nevertheless dismiss the claim

---

[1] FED. R. CIV. P. 41(a)(1)(A)(i).

voluntarily and without prejudice.[2] If Defendant is opposed to a stipulated agreement to voluntarily dismiss Plaintiff's claim, Plaintiff can move to dismiss the suit only by Court order.[3]

Federal Rules of Civil Procedure 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party."[4] While the ability to grant a dismissal is at the discretion of the Judge, "generally, a district court should grant a motion for voluntary dismissal unless the defendants can show they will suffer some plain legal prejudice as a result."[5] Courts have held that plain legal prejudice does not result because the Plaintiff may gain some tactical advantage, nor does it result just because a Defendant may have to defend a second lawsuit.[6]

In the instant case, PPC seeks to dismiss its claims against Defendants with prejudice. PPC seeks to dismiss these claims for the reasons stated in the letter dated May 9, 2019 which is attached hereto as Exhibit A. Defendants will not have to defend a second lawsuit as PPC would be barred from bringing such lawsuit. Additionally, Defendants have brought no counterclaim against PPC. As such, Defendants will not lose any legal rights by the dismissal of this action.

Defendants neither acknowledge nor admit any liability to Plaintiff and continue to deny all of the allegations in Plaintiff's Complaint as without merit. Nor do Defendants agree to the substance of John Rogers' letter to the Court attached to the Motion. Defendants remain confident that they would prevail on all matters in this case, but agree to a mutual dismissal of all claims with prejudice as requested in this Agreed Motion to avoid the time and expense of litigation.

Finally, the parties recognize and agree to comply with its obligations under the First Amended Protective Order [Dkt. 50]. In accordance with Paragraph 18 and the other provisions

---

[2] FED. R. CIV. P. 41(a)(1)(A)(ii).
[3] FED. R. CIV. P. 41(a)(2); Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1274 (5th Cir. 1990).
[4] *Id.*
[5] *See Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989); *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).
[6] *Manshack*, 915 F.2d at 174; *Glascock v. Prime Care Seven, L.L.C.*, 2008 U.S. Dist. Lexis 50936.

contained in the First Amended Protective Order, the parties agree to dispose of all AEO and Confidential documents produced in discovery of this matter.

## II. CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff PPC respectfully requests that the Court grant this Motion and enter an Order of Dismissal with Prejudice all of Plaintiff's claims against Defendants.

Respectfully submitted,

/s/ John T. Palter

---

**JOHN T. PALTER**
State Bar No. 15441500
jpalter@palterlaw.com
**JAMES C. PHILLIPS**
State Bar No. 24078086
jphillips@palterlaw.com
**NATHANIAL L. MARTINEZ**
State Bar No. 24074661
nmartinez@palterlaw.com

**PALTER SIMS MARTINEZ PLLC**
Preston Commons – East
8115 Preston Road, Suite 600
Dallas, TX 75225
Tel.: (214) 888-3111
Fax: (214) 888-3109

**ATTORNEYS FOR PLAINTIFF PERFORMANCE PULSATION CONTROL, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and (2). The personal conference required by this rule was attempted in good faith on the morning of May 9, 2019 by the undersigned counsel via email to counsel for Defendants, Rob Skeels and Greg Ziegler. By that email, the undersigned counsel requested that Defendants' counsel advise whether they would agree to a stipulated dismissal of claims against Defendants. Defendants' Counsel indicated that he is in agreement with this motion. Therefore, this Motion is hereby submitted to the Court as AGREED.

/s/ John T. Palter

---

**JOHN T. PALTER**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served upon the following counsel of record on the 9th day of May 2019, pursuant to the Federal and Local Rules of Procedure as follows:

**VIA E-MAIL:**
GZiegler@MacdonaldDevin.com
BGardner@macdonalddevin.com
RSkeels@macdonalddevin.com
Gregory N. Ziegler
Bill Gardner
Rob Skeels
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130

/s/ John T. Palter
_____
**JOHN T. PALTER**